## Mason W. Blunt, Individually and in His Capacity as Executor under the Will of Mildred W. Blunt, Deceased

### v.

### Delores M. Lentz, et al.

Record No. 901079

April 19, 1991

Present: Carrico, C.J., Stephenson, Russell, Whiting, Lacy, and Hassell, JJ., and Poff, Senior Justice

*Richard Earle Smith* for appellant.
*Kenneth H. Edwards* for appellees.

JUSTICE HASSELL delivered the opinion of the Court.

The primary issue that we consider in this appeal is whether a separation agreement executed between a husband and wife terminated the husband's right to inherit property as a beneficiary of the wife's will.

Mason and Mildred Blunt were married in 1943. Three children, Delores M. Lentz, M. Allen Blunt, and Sharon B. Williamson, were born of the marriage. Mildred executed a holographic will dated October 22, 1974, and designated Mason as her sole

beneficiary and "administrator" of her estate. Marital difficulties occurred, and on May 5, 1986, Mason and Mildred executed a separation agreement.

Mildred died in Henrico County on April 10, 1987. At the time of Mildred's death, Mason and Mildred were married, but they lived separate and apart. Neither had instituted divorce proceedings. Mildred's holographic will was probated in the Circuit Court of Henrico County on June 22, 1987. Mason qualified as the executor of Mildred's estate.

The children filed an amended bill of complaint in the Circuit Court of Henrico County against Mason, individually and in his capacity as executor. They sought a declaratory judgment, specific performance, and an injunction. Mason, individually and as executor, filed an answer to the amended bill of complaint. He also filed a cross-bill in which he requested the advice and guidance of the court regarding the effect of the separation agreement on the will and a determination of the lawful beneficiaries of the estate to whom distribution should be made. The case was referred to a commissioner in chancery who conducted proceedings and filed his report with the court.

In his report, the commissioner concluded that when Mason executed the separation agreement, he waived any rights to inherit as a beneficiary of Mildred's will and that the children were the statutory beneficiaries of her estate. On September 5, 1989, the trial court entered a final decree confirming the commissioner's report. For reasons not apparent, Mason, who was represented by counsel not involved in this appeal, did not seek an appeal from that decree.

On January 2, 1990, Mason, through his current counsel, filed a bill of review and alleged that there were errors of law apparent on the face of the final decree and the record. The children filed a demurrer which was overruled. Subsequently they filed an answer. The trial court denied the bill of review because it failed to show any errors of law on the face of the final decree.

Mason argues that the trial court erred when it denied his bill of review because there were errors of law apparent on the face of the final decree and record. The children, however, argue that a bill of review is not an appropriate procedural mechanism to examine the validity of the September 1989 final decree and that Mason's sole remedy was an appeal from that decree. We disagree.

■ It is true that a bill of review is limited in scope and is rarely utilized in Virginia procedure. Indeed, in modern appellate practice wherein most litigants have a statutory right to appeal from judgments of trial courts, use of a bill of review is discouraged. Nonetheless, it remains an available procedural device until abolished by the General Assembly.

■ Code § 8.01-623 states that "[i]n no case shall [a bill of review] be filed without the leave of court first obtained, unless it be for error of law apparent upon the face of the record." We have consistently stated that:

> The principles of law which determine whether a bill of review will lie for errors of law apparent on the face of the record are well settled . . . . A bill of review does not lie to review or correct errors of judgment in the determination of *facts*. If there be error in this particular, after a final decree, it can be corrected only by an appellate court. But if error of *law* be apparent from an inspection of the record in the cause, and a final decree has been entered, a proper case for a bill of review is *prima facie* presented.

*Harrington* v. *Woodfin*, 193 Va. 320, 325, 68 S.E.2d 882, 885 (1952) (citations omitted) (emphasis in original); *See also Stamps* v. *Williamson*, 190 Va. 145, 150, 56 S.E.2d 71, 73 (1949); *Barnhardt* v. *Smith*, 150 Va. 1, 7-8, 142 S.E. 424, 426 (1928).

■ Mason's bill of review identifies, with the requisite degree of accuracy and definiteness, errors of law which he alleges are contained in the record and in the September 1989 decree. The trial court was required to examine both the record and the September 1989 decree to determine whether errors of law existed. However, the trial court limited its examination to whether errors of law existed upon "the face of the decree." We hold that the trial court erred because it failed to examine both the decree *and* the record.* *See Powers* v. *Howard*, 131 Va. 275, 278, 108 S.E. 687, 688 (1921) (error of law apparent upon face of the decree "embraces all that appears upon the face of the proceedings, including whatever was embodied in the issue").

---

* The order which overruled and denied the bill of review states, "the Defendant fail[ed] to show error of law on the face of the Final Decree formerly entered on September 5, 1989."

Mason argues that the separation agreement did not terminate his right to inherit as a beneficiary of Mildred's will. We agree.

■ The separation agreement is complete on its face, and the language is plain and unambiguous. Therefore, we must ascertain the intent of the parties by examining the four corners of the agreement. *Ross* v. *Craw*, 231 Va. 206, 212, 343 S.E.2d 312, 316 (1986). One of the "whereas" clauses in the agreement states, "the parties desire to adjust, terminate and settle all rights, interest and obligations between them and to obtain a full, complete and final property settlement." The agreement identifies property that Mason and Mildred owned and provided for the division of that property between them. Paragraph 6 of the agreement states:

Husband hereby releases Wife and Wife hereby releases Husband of all claims and demands of whatever kind, nature or name, including all liability now or at any time hereafter existing or accruing either on account of dower or curtesy, either statutory or arising at common law, incident to the marriage relations, each intending to and hereby releasing the other completely of all personal claims and demands from any that may hereinafter arise or attached from the relation of husband-wife, and further do hereby release the other of all claims, homestead rights, or interest whatsoever in any property, real or personal, other than as herein provided, which the other may now separately own or that the other may at any time hold or acquire an interest in, either through devise, bequest, purchase or otherwise, it being understood that this settlement is a total and complete release of him by her and her by him of all matters and charges whatsoever and that each shall, after this settlement, require nothing whatsoever of the other as though the marriage relation had never existed between them.

■ The intent of the parties to the separation agreement was to agree upon the division of property which they owned and terminate certain legal obligations associated with the marital relationship. Nothing in the agreement affects the husband's capacity to inherit as a beneficiary of the wife's will. Had the parties intended that the separation agreement terminate the rights of either party to inherit property, they could have easily included ex-

press covenants in the agreement to that effect. As we have repeatedly stated:

> It is the function of the court to construe the contract made by the parties, not to make a contract for them. The question for the court is what did the parties agree to as evidenced by their contract. The guiding light in the construction of a contract is the intention of the parties as expressed by them in the words they have used, and *courts are bound to say that the parties intended what the written instrument plainly declares.*

*Great Falls Hardware* v. *South Lakes Village Center*, 238 Va. 123, 125-26, 380 S.E.2d 642, 643-44 (1989) (emphasis in original).

Accordingly, the judgment of the trial court will be reversed and this proceeding will be remanded for the entry of a decree consistent with this opinion.

*Reversed and remanded.*