In re Angela H. BROWN,
Chapter 7 Debtor.

Harry Shaia, Jr., Trustee, Plaintiff,

v.

Estate of Winfree Brown, Deceased, Marian Beacham and Clara B. Brown, Co-administrators, d.b.n. for the Estate, Defendant and Third–Party Plaintiff.

Roy M. Terry, Administrator of Tamesha Brown, Defendant,

v.

Angela H. Brown, Third–Party Defendant and Cross–Claim Defendant.

Bankruptcy No. 95–34782–T.
Adversary No. 96–3125–T.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Sept. 22, 1998.

See also 1996 WL 757100.

Bruce H. Matson, Paula S. Beran, LeClair Ryan, P.C., Richmond, Virginia, for Harry Shaia, Jr., Trustee.

John F. Ames, Richmond, Virginia, for Estate of Winfree Brown, Deceased, et al.

Roy M. Terry, Durette, Irvin & Bradshaw, P.C., Richmond, Virginia, Administrator of Tamesha Brown.

Richard O. Gates, Chesterfield, Virginia, for Debtor.

### *MEMORANDUM OPINION*

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Trial was held August 10, 1998, on the trustee's complaint against the estate of the debtor's deceased former husband and against the administrator of the estate of the debtor's deceased daughter.[1] The facts of the case are not in dispute. The court is called upon to interpret a provision. of the marital separation agreement entered into by debtor and her former husband, Winfree Brown.

For reasons stated, the court rules that the trustee's assertion that debtor has a property interest in either of the decedent estates must be rejected and judgment entered for the defendants. A cross claim by the Estate of Winfree Brown will be conditionally dismissed.

#### *Facts*

Angela H. Brown filed a voluntary chapter 7 petition on November 7, 1995, and Harry Shaia, Jr., serves as trustee in bankruptcy.

The debtor was formerly married to Winfree Brown. Two children were born of this marriage, Tangee S. Brown (d.o.b. May 26, 1979) and Tamesha B. Brown (d.o.b. December 8, 1981).

The debtor and Winfree Brown were separated in 1988. Divorce proceedings were commenced, and on May 15, 1990, the parties entered into a separation agreement which purported to resolve all financial matters between them.

Prior to the parties' divorce, Winfree Brown died intestate on September 4, 1990. He was survived by his daughters, Tangee and Tamesha Brown. Marian Beacham and Clara B. Brown were qualified as co-administrators, d.b.n., for the estate of Winfree Brown in the Circuit Court of the County of Henrico, Virginia.

---

1. On the day of trial the court granted the trustee's motion to add the daughter's estate as a party defendant.

After Winfree Brown's death debtor filed suit in Henrico Court by which she sought to have the separation agreement declared invalid. The validity and enforceability of the agreement was upheld by the circuit court and, on appeal, by the Supreme Court of Virginia. *Brown v. Brown,* 244 Va. 319, 422 S.E.2d 375 (1992).

On June 28, 1995, Tamesha Brown died intestate. Roy M. Terry, Jr., qualified as her administrator in the Circuit Court of the County of Chesterfield, Virginia.

Additional facts are stated in the discussion portion of this opinion.

### Discussion And Conclusions

The court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 157(b), 1334 and 2201. This action is a core proceeding. Venue of this action is proper in this court pursuant to 28 U.S.C. § 1409.

This case involves a fairly simple issue: Whether the debtor, in the separation agreement of May 15, 1990, waived her right to claim an inheritance through her deceased daughter Tamesha. If she did not waive then the trustee as debtor's chapter 7 trustee may claim debtor's inheritance interest in Tamesha's estate.[2] If the debtor waived her right of inheritance from Tamesha, the trustee has no interest to claim.

The court must therefore resolve the dispute over the interpretation of a waiver provision of the separation agreement of debtor and Winfree Brown. Paragraph 21 of the agreement provided for the parties' mutual release of claims as to each other's property. Paragraph 21B contained debtor's release and stated as follows:

B. *That wife forever relinquishes and releases* all right, title and interest which she now has or ever may have in and to the real, personal, mixed, separate or marital property of Husband, all right of dower, all right, title and interest which she has or ever may have in and to the property and

assets of Husband presently held or acquired in the future or estate of Husband, at his death, and all right and interest to take against his Will or under the intestate laws, and *each and every other right, title and interest she has or ever may have against Husband, his heirs, executors, administrators* and assigns, excepting only every right that is given her in and by this Agreement. (emphasis supplied)

At trial, debtor testified that she did not intend by her release in Paragraph 21B to waive any claim to her daughter's estate. Counsel for the Winfree Brown Estate called as a witness the attorney who represented Mr. Brown in the divorce proceedings and who prepared the separation agreement. That witness acknowledged that he and Mr. Brown never discussed the specific question raised here. However, the substance of his testimony was that the purpose of the mutual release provisions was for each spouse to release all possible interest in the assets of the other, including an interest by way of inheritance either through a spouse of a spouse's heirs.

When viewed under the facts of this case the underscored language of Paragraph 21B is somewhat peculiar in referring to the wife's release of "every other right, title and interest she has or ever may have *against* Husband, his heirs, etc." The language preceding this would seem to have released all interest of wife in any property of the husband and makes no mention of husband's heirs. The court can only conclude that the underscored language is typical lawyer boiler plate to cover any other possible type of claim the wife might have against the husband, his heirs or his estate.

I believe it is rather unlikely that the parties to such an agreement would have considered, much less intended, that they were effectively waiving their right to inherit from their children of the marriage who might predecease them. The literal application of the provision would seem to prevent a

2. By consent order entered by the court on July 11, 1996, debtor released any claim against either estate. However, as the court was at some pains to point out in a subsequent order entered on September 10, 1996, the trustee was not a party to that release, and therefore the earlier order did not affect the trustee's right to claim debtor's interest for the bankruptcy estate.

parent inheriting from a child, say 20 years later, an absurd and doubtful result.

In the instant case the result is not so absurd. The debtor's daughter's only property is that inherited from her father, property that debtor plainly released in Paragraph 21B. Both decedent estates remain open for administration.

■ Under Virginia case law, where a "separation agreement is complete on its face, and the language is plain and unambiguous .... [the court] must ascertain the intent of the parties by examining the four corners of the agreement." *Blunt v. Lentz,* 241 Va. 547, 404 S.E.2d 62, 64 (Va.1991). Despite my reservations about the language of the agreement, I find that Paragraph 21B applied to the present facts must be construed according to its literal terms and not based upon this court's speculations of what the parties intended.

It is the function of the court to construe the contract made by the parties, not to make a contract for them. The question for the court is what did the parties agree to as evidenced by their contract. The guiding light in the construction of a contract is the intention of the parties as expressed by them in the words they have used, *and courts are bound to say that the parties intended what the written instrument plainly declares.*

*Blunt,* 404 S.E.2d at 65. (emphasis in original)

On its face, the underscored portion of Paragraph 21B of the separation agreement says that the debtor-wife releases every right or interest she may ever have in the property of her husband, Winfree Brown or his heirs. "His heirs," of course, includes his daughter, who inherited one half of his estate.

■ The court has found no case directly on point with the facts of this case. In general, the parties to a separation agreement may waive claims to property interests of their respective spouses, and where this is their intent the court must enforce their agreement. 9B Michie's Jurisprudence *Hus-*

*band and Wife* §§ 75, 76; *Southerland v. Estate of Southerland,* 249 Va. 584, 457 S.E.2d 375 (Va.1995). *Southerland* involved a mutual release provision in a separation agreement which was virtually identical to that in this case. The Virginia Supreme Court held that the wife had thereby released any claims she had as beneficiary of the deceased former husband's life insurance even though he had failed to change the beneficiary designation. 457 S.E.2d at 376–78.

■ In this case, the court concludes that under Paragraph 21B of her separation agreement, debtor waived her right to claim an interest in Winfree Brown's estate through the inheritance of her deceased daughter Tamesha. It follows that debtor's trustee cannot claim the interest which was waived by the debtor.[3]

A separate order will be entered dismissing the trustee's complaint. With respect to the counterclaim filed by the Winfree Brown estate for debtor's indebtedness to the estate, the court presumes that this is now moot by virtue of the court's ruling, and the counterclaim will be dismissed. If counsel for the estate believes that a ruling on the counterclaim is necessary, he may so request within 10 days of the entry of this opinion.

Counsel has also requested that the estate be reimbursed for attorney fees and costs. This request will be denied.

---

**3.** On the present record, the court finds that Tamesha had no significant assets other than the inheritance from her father.