COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Clements
Argued at Alexandria, Virginia


SHARON M. HICKSON
                                        OPINION BY
v.    Record No. 0154-00-4        JUDGE RICHARD S. BRAY
                                     JANUARY 23, 2001
ROBERT D. HICKSON


              FROM THE CIRCUIT COURT OF WARREN COUNTY
                      John E. Wetsel, Jr., Judge

         Peter W. Buchbauer (James J. McGuire;
         Lorena R. Smalls; Buchbauer & McGuire, P.C.,
         on briefs), for appellant.

         George W. Johnston, III (Robert D. Hickson,
         pro se, on brief), for appellee.


     Sharon M. Hickson (wife) filed a "Petition for Declaratory

Judgment" in the trial court, challenging an order vacating a

previously entered decree of divorce between wife and Robert D.

Hickson (husband).  Wife alleged the court was without

jurisdiction to vacate the decree, resulting in an "actual

controversy as to the state of the parties' marital status," and

prayed the court to declare the decree "final and binding between

the parties."  In response, husband moved to confirm the order and

revisit the divorce and related issues, including equitable

distribution.

     Concluding that husband "ha[d] not had his . . . day in court

. . . because of some oversight or mistake on the part of the

court or of the attorney," the court, citing a general "power to vacate" the decree, and additional authority to correct "[a]n error of law . . . by bill of review," ruled "that the parties are still married."  Wife appeals, arguing Rule 1:1 divested the court of jurisdiction to vacate the decree of divorce twenty-one days after entry.[1]  We agree and reverse the order.

## I.

In the context of a bill of complaint for separate maintenance, filed by wife May 13, 1993, husband, on December 29, 1998, lodged a "_Conditional_ Motion for Divorce" with the court, which motion was subject to certain specified terms.  (Emphasis added).  Wife responded on January 9, 1999, and, without disputing husband's "entitle[ment]" to pursue divorce, objected to the proposed conditions.  The court addressed husband's motion in an ore tenus hearing on January 19, 1999, attended only by attorneys representing each party, awarded husband a divorce, without imposing the requested conditions, and directed his counsel to prepare an appropriate decree.  Dissatisfied with the result, husband discharged his attorney immediately following the hearing.  However, no order was entered of record to relieve his counsel of record, although both attorneys were aware of husband's action.

On February 3, 1999, wife's attorney notified the court and husband's counsel of record that, pursuant to the January 19

---

[1] The appeal is before us on a "Written Statement of Facts."

-

hearing, a proposed decree of divorce would be presented to the court for entry on February 16, 1999. Several days thereafter, her counsel provided a draft of the decree to the court and husband's counsel of record. Wife, her attorney, and husband's counsel of record personally appeared before the court on the appointed day, with husband present, at his request, by telephone. At the inception of the hearing, the court granted the motion of husband's counsel to withdraw, although she remained and participated in the ensuing hearing. At the conclusion of the proceedings, the court entered the decree previously circulated by wife's attorney, subject to several insubstantial revisions then disclosed to the parties and counsel,[2] without endorsement of either husband or his former counsel of record.

On March 23, 1999, husband first requested a copy of the decree from the clerk of the trial court and, after receiving a facsimile, moved the court, on March 29, 1999, to vacate the decree, alleging that the provisions did not comport with his conditional motion and the related proceedings. By order of April 20, 1999, the court granted husband's motion, "to the extent that this [c]ourt has jurisdiction to vacate that final decree," finding that husband had not received "timely notice of the

---

[2] Revisions to the draft decree noted husband's presence "in person" at the hearing, corrected the birthdate of a child born to the marriage and the date of separation, and denied wife attorney's fees.

-

earlier entry of the . . . decree" and "now wishes to withdraw" his "conditional motion for divorce."

On September 30, 1999, wife filed the instant suit for declaratory judgment, asserting that Rule 1:1 divested the court of jurisdiction to vacate the decree twenty-one days after entry, and seeking a determination that the divorce was "final and binding."  By order entered December 29, 1999, the court concluded the decree had been "properly vacated . . . and that the parties are still married," resulting in the instant appeal by wife.

## II.

Rule 1:1 provides in pertinent part that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."  Thus, "'[a]t the expiration of that 21-day period, the trial court loses jurisdiction to disturb a final judgment, order, or decree . . . .'"  Bogart v. Bogart, 21 Va. App. 280, 290, 464 S.E.2d 157, 161-62 (1995) (quoting School Board of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 554, 379 S.E.2d 319, 321 (1989)).  However, the finality imposed by the rule is not without exceptions, several of which are relied upon by husband in support of the disputed order.

Rule 1:13 directs that

> [d]rafts of orders and decrees shall be
> endorsed by counsel of record, or reasonable
> notice of the time and place of presenting

-

> such drafts together with copies thereof
> shall be served by delivering, dispatching
> by commercial delivery service, transmitting
> by facsimile or mailing to all counsel of
> record who have not endorsed them.
> Compliance with this rule and with Rule 1:12
> may be modified or dispensed with by the
> court in its discretion.

"This rule is designed to protect parties without notice," Davis v. Mullins, 251 Va. 141, 147, 466 S.E.2d 90, 93 (1996), and, notwithstanding Rule 1:1, "failure to comply . . . renders an order voidable." Singh v. Mooney, ___ Va. ___, ___, ___ S.E.2d ___, ___ (2001); see Francis v. Francis, 30 Va. App. 584, 518 S.E.2d 842 (1999).

Relying upon Rule 1:13, husband maintains that the divorce decree, arising from improper notice to his former counsel and lacking endorsement, was invalid and vulnerable to attack, a contention not novel to this Court. In resolving an appeal on similar facts in Francis, we concluded, "[o]nce an attorney has appeared as the counsel of record, service on the counsel is proper until the court enters a withdrawal order." Id. at 589, 518 S.E.2d at 845; see Code § 8.01-314 ("any process, order, or other legal papers . . . may be served on . . . attorney of record"); see also Rule 1:5 ("[c]ounsel of record shall not withdraw from a case except by leave of court"). Such service, "during the midst of ongoing litigation is notice reasonably calculated to apprise interested parties of the course of the proceedings." Francis, 30 Va. App. at 590, 518 S.E.2d at 846.

-

Thus, "[u]ntil [husband's] counsel had effectively withdrawn, . . . service upon [her] was proper" and in compliance with Rule 1:13, despite the absence of endorsement and actual notice to both the court and opposing counsel that husband "was no longer represented by counsel of record." Id. at 591-92, 518 S.E.2d at 846.

Husband next contends that the court was authorized to vacate the decree pursuant to Code § 8.01-428, which permits correction, "at any time," of "[c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or . . . inadvertent omission." Code § 8.01-428(B). He asserts that the clerk's failure to provide "any notice of the entry of the order" departed from "customary practice" and constituted an "inadvertent omission" that "deprived [him] of any notice of the entry of the order." However, husband's argument is belied by a record that reflects proper notice of the proposed decree and entry, his personal presence, albeit telephonically, at the related hearing and awareness of the attendant revisions. Such circumstances clearly do not establish clerical deficiencies in the decree either supportive of husband's argument or contemplated by Code § 8.01-428(B). See, e.g., School Board of Lynchburg, 237 Va. at 554-55, 379 S.E.2d at 321 (statute codifies inherent authority of court to "correct the record to . . . 'speak the truth'").

-

Finally, husband relies upon reference by the trial court in the subject order to a "bill of review" as authority to vacate the divorce decree.  Pursuant to Code § 8.01-623, a bill of review is an extraordinary injunctive remedy to redress "'errors of law apparent on the face of the record,'" predicated upon a pleading that "identifies, with the requisite degree of accuracy and definiteness, [such] errors."  Blunt v. Lentz, 241 Va. 547, 550, 404 S.E.2d 62, 64 (1991) (citation omitted).  A "procedural device," "limited in scope," the relief is "rarely used" and "discouraged."  Id. at 550, 404 S.E.2d at 63-64. Here, the record discloses neither the pleadings requisite to a bill of review nor circumstances in justification of the remedy.

Accordingly, the trial court was without jurisdiction to vacate the decree of divorce, and we reverse the instant declaratory judgment order to the contrary.

Reversed and final judgment.

-