COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Huff, O'Brien and AtLee
Argued at Lexington, Virginia


EVAN ELIJAH PAXTON

                                                    MEMORANDUM OPINION* BY
v.          Record No. 1494-22-3            JUDGE RICHARD Y. ATLEE, JR.
                                                    SEPTEMBER 26, 2023

JENNIFER SUE PAXTON


FROM THE CIRCUIT COURT OF BEDFORD COUNTY
James W. Updike, Jr., Judge

Brian R. Moore (The Moore Law Firm PLLC, on brief), for
appellant.

Monica T. Monday (Robert U. Pauley, Jr.; Gentry Locke; Robert U.
Pauley, Jr., P.C., on brief), for appellee.


The circuit court entered a final decree of divorce, ending the marriage of appellant Evan

Paxton ("husband") and Jennifer Paxton ("wife").[1]  On appeal, husband argues that the circuit court

erred "when it held that Rule 1:13 notice requirements were satisfied and waived endorsement of

the Final Decree of Divorce by husband's counsel at the conclusion of the *ex parte* hearing."  He

also contends that the circuit court erred in its valuation of two separate bank accounts.  For the

following reasons, we affirm the decision of the circuit court.[2]

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] We recognize that "former husband" and "former wife" are more accurate, but we use
less cumbersome titles in this memorandum opinion for ease of reference.

[2] Wife asked this Court to strike husband's amended opening brief, arguing that the
amended brief changed the substance of the original opening brief in violation of this Court's
order.  This request is denied.

## I. BACKGROUND

Husband and wife married in 2008. They separated in 2020, and wife filed for divorce on November 30, 2021. The circuit court conducted evidentiary hearings on April 21, 2022, and June 13, 2022. At the conclusion of the June 13 hearing, the circuit court announced its rulings from the bench. It ordered wife's counsel to draft an order reflecting its rulings. On June 17, 2022, the circuit court issued a letter opinion, and it ordered that the oral rulings be transcribed and incorporated into the final decree by reference "so as to comply with certain statutory requirements of written findings." The letter opinion also indicated that the parties could waive this requirement by mutual agreement.

Wife's counsel drafted a proposed final decree, and he sent it via email to husband's counsel for review. When he did not receive a response, wife's counsel reached out to the circuit court's judicial assistant, also via email, to set a date for a hearing to present the proposed decree. At some point after that, husband's counsel responded. Counsel for both parties communicated multiple times via email with the court's judicial assistant about setting a date for the presentment hearing. During these communications, husband's counsel indicated that he was waiting to receive the transcript. However, he then indicated that he would need time for a hearing on a motion to reconsider, which could be done at the same time as the presentation of the decree. The judicial assistant responded, asking if a hearing was still needed and offering to send available dates and times. Husband's counsel responded in the affirmative, stating that a hearing was needed.[3]

On August 16, 2022, the judicial assistant sent out a list of available dates. Wife's counsel responded, agreeing to September 1, but husband's counsel did not respond. On August 22, wife's counsel indicated that husband's counsel had had enough time to respond and asked the judicial

---

[3] Husband's counsel responded, "Yes a reconsideration hearing is needed." In his prior emails, however, he indicated that the parties could present the final order at the same time as the hearing on the motion to reconsider.

assistant to set the hearing for September 1. On August 22, the judicial assistant sent an email to both parties' counsel confirming that the matter had been scheduled for September 1. On August 25, wife's counsel sent husband an email with the notice of presentment and the proposed final decree attached.

Husband's counsel did not attend the hearing on September 1, 2022. The circuit court asked whether wife's counsel had given notice to husband's counsel, and wife's counsel responded that he did give notice. The circuit court waited approximately fifteen minutes to give husband's counsel time to appear, but he did not. At that point, the circuit court concluded that it would dispense with the endorsement requirements under Rule 1:13. The trial judge hand wrote on the final decree: "Notice of presentation having been given, the Court dispenses with defendant's endorsement in accordance with Rule 1:13 of the Rules of the Supreme Court of Virginia."

On September 19, 2022, husband's counsel received a copy of the final decree in the mail, which had been entered on September 1. On September 21, he filed two documents with the court. First, he filed a "Motion to Suspend or Vacate Final Decree of Divorce entered September 1, 2022." In his motion, he argued that the decree was entered in violation of Rule 1:12 and Rule 1:13 "with regard to service and notice." Second, he filed written objections to the decree.

Also on September 21, 2022, husband's counsel appeared before the circuit court. He admitted to communicating with the judicial assistant and opposing counsel. He also acknowledged that the email, to which all communications were sent, was his correct email address. He indicated that he assumed the conversation was over once he informed them that he was waiting for the transcript and he "didn't see a new e-mail pop up." Husband's counsel denied knowing about the hearing, but the circuit court pointed out that the communications going back and forth were discussions about the hearing. The court ultimately denied husband's motion. Husband's counsel

did not ask the court for a ruling on the written objections to the final decree. Husband now appeals to this Court.

## II. ANALYSIS

A. *The circuit court did not err when it found that husband had actual notice of the hearing to enter the divorce decree.*

Husband argues that the circuit court erred when it concluded "that Rule 1:13 notice requirements were satisfied and waived endorsement of the Final Decree." He contends that the notice provided did not meet the requirements of Rule 1:13 and Code § 20-99.1:1.[4]

On appeal, husband relies heavily on the requirements of Code § 20-99.1:1 to argue why the circuit court erred in concluding that notice was given. But Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling." In the court below, husband did not argue that the requirements of Code § 20-99.1:1 were not met; he did not mention Code § 20-99.1:1 at all. He stated only that the requirements of Rule 1:12 and Rule 1:13 were not met. Husband argued that by raising notice generally, he implicitly raised the issue of the statute. But husband did not raise notice generally, he raised Rule 1:12 and Rule 1:13 specifically. As we have repeatedly held, "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review." *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (en banc). Thus, husband's notice arguments about Rule 1:12 and Rule 1:13 did not preserve his separate arguments about Code § 20-99.1:1 for review.

---

[4] Husband's assignment of error also contends that the notice did not satisfy the requirements of Rule 1:12 and Rule 4:15. But he does not address either rule in the argument section of his brief. Because he has failed to do so, this portion of his assignment of error is abandoned. *See Teleguz v. Commonwealth*, 273 Va. 458, 471 (2007) ("Because [appellant] has failed to brief this assignment of error, it is abandoned.").

Husband's remaining argument is essentially that he did not receive notice of the presentment hearing as required by Rule 1:13. Rule 1:13 provides,

> Drafts of orders and decrees must be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts together with copies thereof must be served pursuant to Rule 1:12 upon all counsel of record who have not endorsed them.
>
> Compliance with this Rule and with Rule 1:12 may be modified or dispensed with by the court in its discretion.

The purpose of this rule is to "protect parties without notice." *Hickson v. Hickson*, 34 Va. App. 246, 250 (2001) (quoting *Davis v. Mullins*, 251 Va. 141, 147 (1996)).

Although a circuit court may modify or dispense with the requirements of Rule 1:13, the Supreme Court has found that there are circumstances where it is an abuse of discretion to do so. *See, e.g.*, *Rosillo v. Winters*, 235 Va. 268, 271-73 (1988) (abuse of discretion to enter order without notice when attorneys disagreed over the contents of the draft order); *Iliff v. Richards*, 221 Va. 644, 649 (1980) (abuse of discretion when a cross claim was eliminated by order entered without notice to cross claimant); *Cofer v. Cofer*, 205 Va. 834, 836-37 (1965) (abuse of discretion where child support was eliminated by order entered without notice), *overruled on other grounds*, *Singh v. Mooney*, 261 Va. 48 (2001). Husband contends that this case is similar and that entry of the decree without notice was an abuse of discretion because this was a contested case and the decree contains "misrecitals of fact." But this case is unlike *Iliff*, *Rosillo*, and *Cofer*, where the trial courts dispensed with the notice requirement and entered the orders *without* notice. The circuit court here did not dispense with the notice requirement. Rather, it found that husband had actual notice of the presentment hearing.

And, despite husband's arguments to the contrary, the record supports the circuit court's conclusion that husband had actual notice of the hearing. Husband's counsel confirmed that the communications were sent to his correct email; he even responded multiple times from that

email. In fact, husband's counsel participated in a weeks-long email conversation with opposing counsel and the circuit court's judicial assistant about this very presentment hearing. Although husband's counsel did indicate that he was waiting for a transcript, he also subsequently responded yes when the judicial assistant asked if a date was still needed for a hearing. It was after this affirmative response that the judicial assistant sent out the list of dates, including September 1.

Beyond that, both the judicial assistant and opposing counsel sent husband's counsel emails with notice of the hearing. On August 22, 2022, the judicial assistant sent an email to both parties, confirming that the hearing was scheduled for September 1, 2022, at 10:00 a.m. On August 25, 2022, wife's counsel sent husband an email with the notice of presentation and a draft of the decree.[5] Given husband's counsel's participation in the email conversation about the presentment hearing, the fact that multiple emails notifying him of the date and time of the hearing were sent to his email, and his acknowledgement that the email address to which everything was sent was his correct email address, the circuit court did not err in finding that he had actual notice of the hearing, despite his claims that he "didn't see a new email pop up."

B. *Husband's argument that the circuit court abused its discretion when it valued the bank accounts does not comply with Rule 5A:20.*

Husband argues that the circuit court erred when it treated two bank accounts "as distinct marital assets for equitable distribution" and gave them both a value. He contends that this is error because he traced the funds showing that the funds were the same funds, transferred from one account to the other prior to the evidentiary hearing. This argument, however, is waived because he did not provide any legal support for his position as required by Rule 5A:20(e).

---

[5] Husband's counsel had also received a copy of the draft decree in July, prior to the discussions about setting a date for the hearing. Beyond mentioning an alleged mistake of the circuit court, he did not mention any other problems with the draft decree.

"Under Rule 5A:20(e), an appellant must supply this Court with principles of law and authorities in support of a particular argument." *Ceres Marine Terminals v. Armstrong*, 59 Va. App. 694, 708 (2012). "A court of review is entitled to have the issues clearly defined and to be cited pertinent authority. The appellate court is not a depository in which the appellant may dump the burden of argument and research." *Id.* (quoting *Fadness v. Fadness*, 52 Va. App. 833, 850 (2008)). If the failure to comply with the rule is significant, it "will result in waiver of the argument on appeal." *Id.*

Here, husband did not cite a single legal authority in support of his argument. In fact, the only authority husband cites is for the standard of review. If husband believes that the circuit court erred, it is his duty "to present that error to us with legal authority to support [his] contention." *Mitchell v. Commonwealth*, 60 Va. App. 349, 352 (2012) (alteration in original) (quoting *Fadness*, 52 Va. App. at 851). Because we find this omission significant, husband's argument is waived.[6]

------

[6] Additionally, we note that husband's argument was not preserved in accordance with Rule 5A:18, which requires "that an objection to a trial court's action or ruling be made timely and with specificity in order to preserve an issue for appeal." *Bethea v. Commonwealth*, 68 Va. App. 487, 498 (2018). This allows a trial court the opportunity to correct any error and "avoid[s] unnecessary appeals by affording the trial judge an opportunity to rule intelligently on objections." *Id.* (quoting *Maxwell v. Commonwealth*, 287 Va. 258, 267 (2014)). But "when a party fails to obtain a ruling on a matter presented to a trial court, there is 'no ruling [for this Court] to review on appeal.'" *Id.* (alteration in original) (quoting *Schwartz v. Commonwealth*, 41 Va. App. 61, 71 (2003)). Here, husband filed written objections with the circuit court, but he did not obtain a ruling on his objections. Thus, there is no ruling for this Court to review on appeal.

Husband contends that this issue should be preserved under Code § 8.01-384 because the final decree was entered without proper notice. Code § 8.01-384 provides, in relevant part, "if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection shall not thereafter prejudice him on motion for a new trial or on appeal." Even if husband were correct about the decree being entered without proper notice, he still had ample opportunity to object. The circuit court made its ruling from the bench on June 13. Husband had the months between June 13 and the time the decree was entered on September 1 to file a motion to reconsider. Despite indicating his intention to do so, he did not file such a motion. Thus, we find that husband's lack of objection is not saved by Code § 8.01-384.

## III. Conclusion

For the above reasons, we affirm the decision of the circuit court.

*Affirmed.*