COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Agee and Senior Judge Overton
Argued at Alexandria, Virginia


HONGYI ZHOU
                                              OPINION BY
v.    Record No. 1035-01-4            JUDGE G. STEVEN AGEE
                                             APRIL 16, 2002
BO L. ZHOU


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Henry E. Hudson, Judge

            Edward V. O'Connor, Jr. (Byrd Mische, P.C.,
            on briefs), for appellant.

            David M. Levy (Surovell, Jackson, Colten &
            Dugan, P.C., on brief), for appellee.


     Hongyi Zhou (husband) appeals a March 21, 2001 final divorce

decree, entered by the Fairfax County Circuit Court, alleging the

trial court erred in its equitable distribution determination

upon the termination of his marriage to Bo L. Zhou (wife).

Husband contends the trial court failed to properly value the

marital residence and erred in dividing stock options granted to

husband, resulting in an equitable distribution decree

inconsistent with the provisions of Code § 20-107.3.  For the

following reasons, we dismiss this appeal as not timely filed.

                       I.  BACKGROUND

     The parties were married in 1990 and separated in 1999, when

wife filed for divorce.  The trial court entered a final decree

of divorce, pursuant to Code § 20-91(9), on February 5, 2001,

which included the equitable distribution of the parties' marital property.

On March 21, 2001, the trial court apparently called the parties' counsel to chambers to advise counsel that the final decree of February 5, 2001, had inadvertently not been filed in the court's file in the Office of the Clerk of the Circuit Court (Clerk's Office) after entry. With counsel present, the trial court proceeded to enter an "Order Vacating Final Decree" on March 21, 2001, and immediately thereafter reentered the February 5, 2001 decree under the date of March 21, 2001. The pertinent part of the vacation order reads as follows:

> This case was before the Court on March 21, 2001[,] at the request of the Clerk of this Circuit Court. Counsel for both parties were present.
>
> The Court advised counsel that following entry of the Final Decree of Divorce in this case on February 5, 2001, the Decree was inadvertently filed improperly in the Clerk's Office. Consequently the parties were not advised of the date of its entry. This clearly prejudiced the party's [sic] rights of appeal.
>
> After being advised of the foregoing, counsel for [husband] moved the Court, pursuant to Section 8.01-428(B), Code of Virginia, 1950, as amended, to vacate and re-enter the Final Decree, the attorney for [wife] objecting thereto.
>
> Upon consideration whereof, the Court was of the opinion that the improper filing of the Court's Decree of February 5, 2001[,] was a clerical mistake arising from oversight or from inadvertent omission and should be corrected. It is therefore
>
> Adjudged and Ordered that [husband's] motion to vacate and re-enter the Final Decree in this case is GRANTED, the attorney for [wife] noting his exception thereto.

Husband then filed an appeal to the reentered final decree, challenging the trial court's equitable distribution determination.  In response, wife argues the order of vacation was improper under Code § 8.01-428(B) and, therefore, husband's appeal is untimely and should be dismissed.  We agree.

## II.  ANALYSIS

Rule 5A:6 provides, in pertinent part, "[n]o appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal."  See Rule 5A:6(a).  Rule 5A:3 establishes that the time prescribed by Rule 5A:6 is mandatory and a variance allowed only in the following circumstances:

> (a) . . . [A] single extension not to exceed thirty days may be granted if at least three judges of the Court of Appeals concur in a finding that an extension for papers to be filed is warranted by the intervention of some extraordinary occurrence or catastrophic circumstance which was unpredictable and unavoidable.  <u>The time period for filing the notice of appeal is not extended by the filing of a motion for a new trial, a petition for rehearing, or a like pleading unless the final judgment is modified, vacated, or suspended by the trial court pursuant to Rule 1:1</u>, in which case the time for filing shall be computed from the date of the final judgment entered following such modification, vacation, or suspension.
>
> (b) Except as provided in subsection (a) of this Rule, the times prescribed in these Rules for filing papers . . . may be extended by a judge of the court in which the papers are to be filed on motion for good cause shown and to attain the ends of justice.

(Emphasis added).

In the case at bar, the original final decree was entered on February 5, 2001. Therefore, under Rule 5A:6, the parties had until March 7, 2001 (thirty days after February 5, 2001), to file a notice of appeal. Neither party did so. The initial question before us, then, is whether we have jurisdiction to consider an appeal where (1) a final decree is entered to which no appeal is taken within the required 30-day period; (2) the trial court vacates the final decree forty-four days after its entry and subsequently reenters it; and (3) an appeal is noted within thirty days of reentry of the subsequent decree.

Rule 1:1, referenced in Rule 5A:3(a), states:

> All final judgments, orders, and decrees,
> irrespective of terms of court, shall remain
> under the control of the trial court and
> subject to be modified, vacated, or suspended
> for twenty-one days after the date of entry,
> and no longer.
>
>    \*    \*    \*    \*    \*    \*    \*
>
> The date of entry of any final judgment,
> order, or decree shall be the date the
> judgment, order, or decree is signed by the
> judge.

(Emphasis added). The trial court lost jurisdiction to modify, vacate or suspend the final decree of February 5, 2001, on February 26, 2001 (twenty-one days after the original entry). Therefore, the trial court lacked authority to modify, vacate or suspend the award on March 21, 2001, unless a statutory exception applies conveying that authority and superceding Rule 1:1.

The trial court, citing a motion by husband, vacated and reentered the decree of February 5, 2001, on the authority provided by Code § 8.01-428(B):

> Clerical mistakes. — Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.

This code section provides the trial court with the authority only to correct "clerical mistakes" in its decree or errors in the record so as to cause the acts and proceedings to be set forth correctly. See Myers v. Commonwealth, 26 Va. App. 544, 548, 496 S.E.2d 80, 82 (1998); Holley v. City of Newport News, 6 Va. App. 567, 568, 370 S.E.2d 320, 321 (1988) (the power of the trial court to amend the record is restricted to correcting mistakes and "placing upon the record evidence of judicial action which has already been taken, but was earlier omitted or misstated in the record"). The authority to correct a clerical mistake in a decree or the record may be exercised at any time, based on any competent evidence, "'when the justice and truth of the case requires it.'" Netzer v. Reynolds, 231 Va. 444, 449, 345 S.E.2d 291, 294 (1986) (quoting Council v. Commonwealth, 198 Va. 288, 292, 94 S.E.2d 245, 248 (1956)).

Scrivener's or similar errors in the record, which are demonstrably contradicted by all other documents, are clerical mistakes. Such errors cause a final decree or the court's record to fail to "speak the truth." See School Bd. of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 555, 379 S.E.2d 319, 322 (1989). Correctable "clerical mistakes" under Code § 8.01-428(B) include an unintended drafting error contained in a divorce decree, Dorn v. Dorn, 222 Va. 288, 279 S.E.2d 393 (1981); Cass v. Lassiter, 2 Va. App. 273, 343 S.E.2d 470 (1986); a

- 5 -

typographical mistake made by a court reporter in transcribing a trial transcript, <u>Lamb v. Commonwealth</u>, 222 Va. 161, 279 S.E.2d 389 (1981); counsel's failure to prepare an order for entry by the trial court, <u>Cutshaw v. Cutshaw</u>, 220 Va. 638, 261 S.E.2d 52 (1979); and a misstatement on the record by the trial court regarding the length of incarceration a defendant was ordered to serve, <u>Nelson v. Commonwealth</u>, 12 Va. App. 835, 407 S.E.2d 326 (1991).[1]

Neither party presented argument to the trial court on March 21, 2001, or any other time, that the record was erroneous or that there was any error in the February 5, 2001 decree. No allegation was made that the February 5, 2001 decree did not "speak the truth." Thus, the trial court did not vacate its final decree due to a scrivener's error or an error in the record.

---

[1] In <u>Shipman v. Fletcher</u>, 91 Va. 473, 488-89, 22 S.E. 458, 463-64 (1895), involving a statutory predecessor to Code § 8.01-428(B), the Supreme Court held that this code section authorized

> the court in which is rendered a judgment or decree, in a cause wherein there is a declaration or pleading, or in the record of the judgment or decree, any mistake, miscalculation, a misrecital of any name, sum, quantity or proceedings, or when there is any verdict, report of a commissioner, bond, or other writing whereby such judgment or decree may be safely amended; . . . or, in the vacation of the court in which any such judgment or decree is rendered, the judge thereof may on the motion of any party, amend such judgment or decree according to the truth and justice of the case.

The Supreme Court of Virginia qualified these errors to be corrected "misprisions of the clerk" and "clerical misprisions of the court."

- 6 -

The sole basis cited by the trial court for acting under Code § 8.01-428(B) on March 21, 2001, was that the February 5, 2001 decree was improperly filed in the Clerk's Office resulting in a lack of notice to the parties for purposes of appeal. Husband contended, and the trial court agreed, that the inept filing system of the Clerk's Office, which failed to timely notify him of the decree's entry, constituted a "clerical mistake" within the purview of Code § 8.01-428(B). We disagree.

Although subsection (B) includes authority to correct errors in the record "arising from oversight or from an inadvertent omission," the incorrect filing of the February 5, 2001 decree is not a clerical mistake as that term is used in Code § 8.01-428(B). Husband has provided no case authority for the proposition that the clerk's misfiling of a decree is a "clerical mistake" as that term has been construed under Code § 8.01-428(B). See School Bd. of Lynchburg, 237 Va. 550, 379 S.E.2d 319 (erroneous information that final order had not been entered conveyed over the telephone by an employee of the Clerk's Office to counsel is not a clerical error under Code § 8.01-428(B)); see generally Hickson v. Hickson, 34 Va. App. 246, 540 S.E.2d 508 (2001). Rather, a filing error committed by the Clerk's Office, which affects notice to the parties and their right to appeal, comes directly within the purview of Code § 8.01-428(C).

Code § 8.01-428(C) provides:

> Failure to notify party or counsel of final order. — If counsel, or a party not represented by counsel, who is not in default in a circuit court is not notified by any means of the entry of a final order and the

circuit court is satisfied that such lack of notice (i) did not result from a failure to exercise due diligence on the part of that party and (ii) denied that party an opportunity to file an appeal therefrom, the circuit court may, within sixty days of the entry of such order, grant the party leave to appeal. The computation of time for noting and perfecting an appeal shall run from the entry of such order, and such order shall have no other effect.

Upon notice of the filing error, husband could have asked the trial court to make a determination as to whether subsection (C) was applicable in this case and enter an order with the necessary findings under that subsection to permit a timely appeal. Clearly, husband then knew more than twenty-one days had passed since February 5, 2001. He knew whether he had or had not received notice of the decree's entry and whether he had timely filed an appeal. Because husband failed to act under subsection (C) and the trial court did not consider this provision, no findings were made as to (1) husband's actual lack of notice and (2) whether husband exercised due diligence after February 5, 2001, to determine if the final decree had been entered. Without these requisite findings, we are unable to determine whether the trial court would have granted appellant leave to appeal under subsection (C), assuming such action would not be otherwise procedurally barred.

Code § 8.01-428(B) does not provide the trial court with authority to vacate and reenter a final decree for the sole purpose of extending the filing deadline upon the realization that the parties were not timely notified of the decree's entry. The authority and procedure to extend the filing deadline, where

lack of notice is the issue, is provided only under subsection (C).

We do not read subsection (B)'s grant of authority to correct errors "arising from oversight or from an inadvertent omission" to include the filing error committed by the Clerk's Office in this case.  Not only is there no case law precedent for such a reading of subsection (B), basic canons of statutory construction would exclude such an interpretation because it would render subsection (C) superfluous.

"Under basic rules of statutory construction, we examine the statute in its entirety, rather than by isolating words or phrases."  Ford v. Commonwealth, 33 Va. App. 682, 688, 536 S.E.2d 467, 470 (2000) (citing Ragan v. Woodcroft Village Apartments, 255 Va. 322, 325, 497 S.E.2d 740, 742 (1998)).  Therefore, we examine all of the provisions of Code § 8.01-428 to determine the legislative intent.  Subsection (C) was added to Code § 8.01-428 in 1993, after School Bd. of Lynchburg, 237 Va. 550, 379 S.E.2d 319, and deals explicitly with the effect on appeal rights of the failure to give notice of entry of a final order.  If we construed the facts in the case at bar to constitute a clerical mistake under subsection (B), then subsection (C) would be superfluous.  We will not construe the statute in this manner. "Well established 'principles of statutory construction require us to ascertain and give effect to the legislative intent.'" Brooks v. Commonwealth, 19 Va. App. 563, 566, 454 S.E.2d 3, 4 (1995) (citation omitted).  "When new provisions are added to existing legislation by amendment, we presume that . . . the legislature 'acted with full knowledge of and in reference to the

- 9 -

existing law upon the same subject and the construction placed upon it by the courts[,] . . . that the legislature acted purposefully with the intent to change existing law."  Burke v. Commonwealth, 29 Va. App. 183, 188, 510 S.E.2d 743, 745-46 (1999) (citations omitted).  When "'the several provisions of a statute suggest a potential for conflict or inconsistency,'" we must construe such "'provisions so as to reconcile them and to give full effect to the expressed legislative intent.'"  Herrel v. Commonwealth, 28 Va. App. 579, 585, 507 S.E.2d 633, 636 (1998) (citation omitted).

In this case the trial court entered a final decree on February 5, 2001, and neither party filed an appeal within the requisite thirty days.  The trial court lacked authority to vacate its final decree in an effort to extend husband's filing deadline due to lack of notice of entry of the decree.  As the timely filing of an appeal is jurisdictional, we have no authority to hear the instant appeal and, thus, cannot rule on the assignments of error presented by the appellant.

Accordingly, this appeal is dismissed.

Dismissed.