Present:  All the Justices

AUBREY F. MORGAN

v.  Record No. 042122    OPINION BY JUSTICE ELIZABETH B. LACY
                                       June 9, 2005
RUSSRAND TRIANGLE ASSOCIATES, L.L.C.

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Frederick H. Creekmore, Judge

In this case, the trial court entered an order nunc pro
tunc more than 21 days after the entry of a final order,
explaining that the entry of the final order was "inadvertent"
and therefore a clerical error capable of correction pursuant
to Code § 8.01-428(B).  We conclude that Code § 8.01-428(B)
did not authorize the trial court to enter its nunc pro tunc
order because entry of the final order was not a clerical
error and the nunc pro tunc order did not correct the record
to reflect the actual acts of the trial court.

Facts

Russrand Triangle Associates, L.L.C. (Russrand) and
Aubrey F. Morgan (Morgan) own adjoining properties in the City
of Chesapeake.  Russrand filed an amended bill of complaint
seeking a declaratory judgment that Morgan was encroaching on
Russrand's land, an injunction requiring Morgan to remove the
encroachments, damages for trespass, and to quiet title.  In
his answer, Morgan argued that he was not encroaching on
Russrand's property because he had obtained rights to the

property by adverse possession.  The case was referred to a commissioner in chancery, who issued a report finding Morgan had proved adverse possession of all the land at issue except for a portion of the property north of a fence line (the disputed property).

Morgan filed exceptions to the commissioner's report asserting that he had proved his adverse possession claim regarding the disputed property.  On February 6, 2003, the trial court issued a letter opinion sustaining Morgan's exceptions and asking that Morgan's counsel prepare an order to reflect the trial court's holding.  Russrand filed a motion for reconsideration of the letter opinion.

The trial court heard arguments on Russrand's motion on February 4, 2004.  At the outset of the hearing, Morgan's counsel submitted the order memorializing the trial court's February 6, 2003 letter opinion and which provided "nothing further remains to be done in this action [and] it is hereby ORDERED . . . that this action be placed . . . among the closed files of this Court."  Counsel for both parties signed the order; the judge initialed each page and signed the order; and the clerk's office docketed the order that day.  At the conclusion of the hearing, the trial court orally granted Russrand's motion for reconsideration, but no order was

entered within 21 days modifying, vacating, or suspending the February 4, 2004 order.

On March 18, 2004, the trial court issued a second opinion letter finding that Morgan did not prove adverse possession of the disputed property. Russrand's counsel was asked to prepare, circulate, and submit an order reflecting this holding and confirming the commissioner's report in full. Morgan filed an objection to the court's entry of any further orders in the case, arguing that, under Rule 1:1, the trial court no longer had jurisdiction of the case because the February 4, 2004 order was a final order and more than 21 days had elapsed since its entry.

Following a hearing on Morgan's objection, the trial court issued a letter opinion stating

> [t]he court finds that a clerical error occurred on February 4, 2004 when the court inadvertently entered a Final Decree holding that the Defendant had obtained title by adverse possession and stating that nothing further remained to be done in the action. Rather, it was the intention of the court to grant Plaintiff's Motion for Reconsideration on February 4, 2004 and to have the case remain open until such time as the court could reevaluate the adverse possession issue and draft an opinion letter.

The trial court concluded that because the entry of the February 4, 2004 order was a clerical error, Code § 8.01-428(B) allowed the court to enter an order nunc pro tunc to correct the mistake. On June 25, 2004, the trial court

3

entered an order "nunc pro tunc" granting Russrand's motion for reconsideration of the February 6, 2003 opinion letter and vacating its February 4, 2004 order. The June 25 order also confirmed the commissioner's report in its entirety. We awarded Morgan an appeal.

## Discussion

Rule 1:1 provides that a final judgment may be modified, vacated, or suspended for a period of 21 days after the date of entry "and no longer." "[T]he provisions of Rule 1:1 are mandatory in order to assure the certainty and stability that the finality of judgment brings." Super Fresh Food Markets of Virginia, Inc. v. Ruffin, 263 Va. 555, 563, 561 S.E.2d 734, 739 (2002). There are, however, legislative exceptions to this rule of finality.

In this case, the trial court relied on the exception contained in subsection (B) of Code § 8.01-428 to validate its June 25, 2004 order. Subsection (B) provides in relevant part:

> Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.

We have held that the power to correct the record under this section is limited to those situations when the record clearly

4

supports such corrections. School Bd. of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 555, 379 S.E.2d 319, 322 (1989). The issues before us then are whether the court's "inadvertent" entry of the February 4, 2004 order qualifies as a clerical error and whether the record supports the correction made by the trial court.

We have had the opportunity to consider "clerical mistakes" under Code § 8.01-428(B) in a number of cases and have consistently held that the statutory authority of this Code section should be narrowly construed and applied. See, e.g., Davis v. Mullins, 251 Va. 141, 149, 466 S.E.2d 90, 94 (1996). In Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 568 S.E.2d 671 (2002), we reviewed circumstances that qualify as "clerical mistakes" under Code § 8.01-428(B).

> "Scrivener's or similar errors in the record, which are demonstrably contradicted by all other documents, are clerical mistakes." Zhou v. Zhou, 38 Va. App. 126, 133, 562 S.E.2d 336, 339 (2002). Such errors cause the court's record to fail to "speak the truth." Id. (citing School Bd. of the City of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 555, 379 S.E.2d 319, 322 (1989)). Examples of clerical errors include a typographical error made by a court reporter while transcribing a court proceeding, Lamb v. Commonwealth, 222 Va. 161, 165, 279 S.E.2d 389, 392 (1981), or an unintended error in the drafting of a divorce decree, Dorn v. Dorn, 222 Va. 288, 291, 279 S.E.2d 393, 394 (1981).

Wellmore Coal Corp., 264 Va. at 283, 568 S.E.2d at 673.

In this case, there were no scriveners' or other errors in the February 4, 2004 order; it accurately reflected the

trial court's February 6, 2003 letter opinion.  The "clerical error . . . arising from oversight or . . . an inadvertent omission," according to the trial court, was the entry of the order.  Characterizing the signing of the order by the trial judge, and by counsel for both parties, as an "oversight" or an "inadvertent error" is inconsistent with the affirmative acts of the trial court and counsel.  Not only were all signatories aware that they were signing an order disposing of the merits of the case consistent with the trial court's previous opinion letter, all signatories are charged with the knowledge that an order is entered when signed by the trial judge.  Rule 1:1.

Moreover, the record does not support the trial court's correction of this "clerical error."  The record shows that on February 4, 2004 the trial court entered a final order resolving the case on its merits and orally granted Russrand's motion for reconsideration of the February 2003 opinion letter.  The record shows that no motion to set aside, vacate, or suspend the February 4, 2004 order was made during the hearing or at any other time.  The court's oral ruling granting Russrand's motion to reconsider did not modify, vacate or suspend the written final order.  Berean Law Group, P.C. v. Cox, 259 Va. 622, 627, 528 S.E.2d 108, 111 (2000).  Therefore, the trial court's nunc pro tunc order of June 25,

6

2004 vacating the February 2004 order did not conform the record to reflect what actually took place in the trial court.

### Conclusion

Rule 1:1 applied to the final order entered February 4, 2004.  That order was not suspended, modified or vacated within 21 days of its entry.  Entry of the order was not a clerical error as contemplated by Code § 8.01-428(B), and the trial court's nunc pro tunc order of June 25, 2004 did not conform the record to reflect the actual sequence of events. Therefore, Code § 8.01-428(B) does not apply.  The trial court had no jurisdiction to enter the June 25, 2004 order, and that order is of no force and effect.[*]  Accordingly, we will reverse the judgment of the trial court and enter final judgment reinstating the February 4, 2004 order.

Reversed and final judgment.

---

[*] In light of this holding, we need not address Morgan's second assignment of error.

7