COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Clements and Petty


MELISSA BUTLER

                                    MEMORANDUM OPINION[*] BY

v.       Record No. 2297-07-3          JUDGE JEAN HARRISON CLEMENTS

                                              MAY 13, 2008

CITY OF ROANOKE DEPARTMENT
  OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Clifford R. Weckstein, Judge

(Melvin L. Hill; Ware & Hill, L.L.P., on brief), for appellant.
Appellant submitting on brief.

(William M. Hackworth, City Attorney; Heather P. Ferguson,
Assistant City Attorney; L. Brad Braford, Guardian *ad litem* for the
minor children; L. Brad Braford, P.C., on brief), for appellee.
Appellee and Guardian *ad litem* submitting on brief.


Melissa Butler (appellant) appeals from a decision of the trial court denying her Motion

for Filing of Delayed Appeal (the motion). For the reasons that follow, we affirm the judgment

of the trial court.

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

The present action went before the trial court on appeal from a decision of the Juvenile

and Domestic Relations District Court for the City of Roanoke terminating appellant's parental

rights to her three children. On May 3, 2006, the trial court terminated appellant's parental rights

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

pursuant to the provisions of Code § 16.1-283. An order to that effect was drafted, and appellant's counsel signed the order "seen and objected to." The signed order was then entered on June 1, 2006, but a copy of that order as entered was never delivered to the parties.

On October 9, 2006, appellant filed the motion. The trial court denied, finding that it had "no jurisdiction or power to grant the motion." This appeal followed.

"Rule 5A:6 provides, in pertinent part, 'no appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal.'" Zhou v. Zhou, 38 Va. App. 126, 131, 562 S.E.2d 336, 338 (2002). Thereafter, the trial court is divested of jurisdiction to grant a party leave to appeal, "unless a statutory exception applies conveying that authority." Id. at 132, 562 S.E.2d at 339. Code § 8.01-428(C) contains such an exception:

> If [a party] who is not in default in a circuit court is not notified by any means of the entry of a final order and the circuit court is satisfied that such lack of notice (i) did not result from a failure to exercise due diligence on the part of that party and (ii) denied that party an opportunity to pursue post-trial relief in the circuit court or to file an appeal therefrom, the circuit court may, within 60 days of the entry of such order, . . . grant the party leave to appeal.

Here, however, appellant filed the motion well after the trial court's jurisdiction under Rule 5A:6 and Code § 8.01-428(C) had elapsed, and appellant has presented no other statutory exception to extend that jurisdiction. Accordingly, the trial court did not err when it determined that it had no jurisdiction to grant the motion.

We therefore affirm the judgment of the trial court.

Affirmed.