# CIRCUIT COURT OF THE CITY OF NORFOLK

Chris Pannell

v.

Commonwealth of Virginia

January 9, 2015

Case No. CL14002178-00

BY JUDGE MARY JANE HALL

This matter came before the Court on Petitioner's Motion To Correct Court Clerk's Failure to Give Petitioner Notice of the Court's Final Order in a Timely Manner.

## *Procedural Background*

On November 27, 2007, Petitioner Chris Pannell was convicted in this Court of misdemeanor Hit and Run, Robbery, and misdemeanor Destruction of Property. On January 25, 2008, Petitioner was sentenced to a prison term of life plus twelve months for these convictions. Petitioner appealed his conviction to the Court of Appeals of Virginia. On June 20, 2008, the Court of Appeals dismissed Petitioner's appeal. On July 26, 2010, Petitioner filed a Petition for Writ of *Habeas Corpus* with the Norfolk Circuit Court, which was denied on December 6, 2010. On February 16, 2011, Petitioner appealed this denial to the Supreme Court of Virginia. On July 12, 2011, the Supreme Court of Virginia refused the petition, finding no reversible error in the judgment of the trial court.

On March 18, 2014, Petitioner filed a Motion To Vacate Conviction in the Norfolk Circuit Court on the grounds that the evidence at trial failed to support his convictions and that the indictments were defective. On April 10, 2014, the Court dismissed Petitioner's Motion To Vacate Conviction, ruling that the motion was untimely under Va. S. Ct. R. 1:1. The Court also

noted that any claims of error raised by Petitioner in his motion, "which, if meritorious, would only render his conviction voidable, not void" (internal quotations omitted). The Court then directed the Clerk of Court to send Petitioner a copy of its dismissal order. On September 14, 2014, Petitioner wrote to the Clerk of Court at the Norfolk Circuit Court, inquiring about the status of his case. On September 18, 2014, Petitioner received a copy of the April 10, 2014, final order from the Clerk of Court. He asserts that he was unaware of the existence of this order until he received it on September 18, 2014. He points out that the Clerk of Court did not certify the dismissal order until September 16, 2014, suggesting that that the Clerk of Court had not mailed him a copy prior to that date.

Petitioner appealed the dismissal of his Motion To Vacate to the Supreme Court of Virginia on September 22, 2014, just six days after the Clerk of Court certified the order but more than five months after entry. The Supreme Court of Virginia, relying on Va. Code § 8.01-428(C), dismissed Petitioner's appeal, finding that the appeal was not timely.

On December 18, 2014, Petitioner filed the present motion, stating that the failure of the Clerk of Court to mail him a copy of the order dismissing his Motion To Vacate Conviction deprived Petitioner of his right to appeal the order. Petitioner asks the court to "renew" that dismissal order and mail a copy of that order to him so that he may timely exercise his right to appeal.

*Analysis*

Rule 5:9 of the Rules of the Supreme Court of Virginia states, "No appeal shall be allowed unless, within 30 days after the entry of final judgment … appellant files with the clerk of the trial court notice of appeal… ." A trial court, however, retains jurisdiction of a final judgment to modify, vacate, or suspend that judgment for twenty-one days after the date of entry of that judgment. Va. S. Ct. R. 1:1. "Once a final judgment has been entered and the twenty-one day time period of Rule 1:1 has expired, the trial court is thereafter without jurisdiction in the case." *Super Fresh Food Mkts. of Va. v. Ruffin*, 263 Va. 555, 563, 561 S.E.2d 734, 739 (2002). The General Assembly, may limit application of Rule 1:1 by a statute expressing its intent that courts retain jurisdiction. *See Commonwealth v. Morris*, 281 Va. 70, 77, 705 S.E.2d 503, 506 (2011) (recognizing that statutes may create exceptions to Rule 1:1). One such statute is Va. Code § 8.01-428, which governs the correction of clerical mistakes and the grounds and timing limitations for independent actions to relieve a party from judgments. This statute, in pertinent part, states as follows:

> B. *Clerical mistakes.* — Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by

the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.... .

C. *Failure to notify party or counsel of final order.* — If counsel, or a party not represented by counsel, who is not in default in a circuit court is not notified by any means of the entry of a final order and the circuit court is satisfied that such lack of notice (i) did not result from a failure to exercise due diligence on the part of that party and (ii) denied that party an opportunity to pursue post-trial relief in the circuit court or to file an appeal therefrom, the circuit court may, within 60 days of the entry of such order, modify, vacate, or suspend the order or grant the party leave to appeal.... .

Because Va. Code § 8.01-428(B) expressly allows a court to correct qualifying mistakes "at any time," it confers jurisdiction on trial courts beyond the twenty-one-day period for that limited purpose.

The Supreme Court of Virginia has decided whether a particular error constitutes a "clerical mistake" for purposes of Va. Code § 8.01-428(B) on several occasions. In *Lamb v. Commonwealth*, 222 Va. 161 (1981), the Court ruled that a circuit court order to correct a scrivener's error in the transcript was a "clerical mistake" under that subsection. *Id.* at 164-65. In *Cutshaw v. Cutshaw*, 220 Va. 638 (1979), the Court held that an attorney's failure to prepare an order for entry by the court was an "oversight" which could be corrected by entry of a *nunc pro tunc* order under that subsection. *Id.* at 641.

The Clerk's misfiling of a final decree, however, was not a "clerical mistake" for purposes of Va. Code § 8.01-428(B). *Zhou v. Zhou*, 38 Va. App. 126, 134-35 (2002) (*referring to School Bd. of Lynchburg v. Caudill Rowlett Scott, Inc.*, 237 Va. 550, 555 (1989) (erroneous information that final order had not been entered conveyed over the telephone by an employee of the Clerk's Office to counsel is not a clerical error under Va. Code § 8.01-428(B)). "Rather, a filing error committed by the Clerk's Office, which affects notice to the parties and their right to appeal, comes directly within the purview of Va. Code § 8.01-428(C)." *Zhou*, 38 Va. App. at 135. In *Zhou*, the Court of Appeals found that deciding that a "filing error committed by the Clerk's Office" as a clerical mistake within the authority of Va. Code § 8.01-428(B) would render Va. Code § 8.01-427(C) "superfluous." *Id.* As stated by the statute, a trial court may only grant relief under Va. Code § 8.01-428(C) "within 60 days of the entry of such order."

In examining the relationship between subsections (B) and (C) as they relate to this motion, the Court is bound by basic rules of statutory construction, where the court must "examine the statute in its entirety, rather than by isolating words or phrases." *Ford v. Commonwealth*, 33 Va. App. 682, 688 (2000) (*citing Ragan v. Woodcroft Village Apts.*, 255 Va. 322, 325 (1998)).

The Court is cognizant that a completely blameless litigant can permanently lose his right to appeal when, as here, the Clerk's apparent error in failing to transmit an order is not corrected within sixty days. Petitioner's appeal time expired before he even learned that the Court had ruled. Presumably the General Assembly recognized this as a possible outcome but did not afford such litigants any remedy in the statute.

Because the error complained of here, the Clerk of Court's untimely mailing of the April order, is more like the errors in *Zhou* and *School Bd. of Lynchburg*, the Court finds that is it governed by Va. Code § 8.01-428(C) rather than (B). Relief under subsection (C) was only available until June 9, 2014. Had Petitioner brought the present motion before that date, the Court would be satisfied — in light of the Clerk of Court's apparent error — that Petitioner would deserve relief contemplated by subsection (C). After sixty days, however, Petitioner is without a remedy. While this may seem unjust, the Court is bound by the basic rules of statutory construction and interpretation that permit no other result. Injustice presented by circumstances such as these is a matter for the General Assembly to address.

For these reasons, Petitioner's Motion is denied. Pursuant to Virginia Supreme Court Rule 1:13, endorsements are waived. The Clerk is directed to mail a copy of this Order to Chris Pannell, *pro se*, and to Donald E. Jeffery, III, Esq., Office of the Attorney General, and is further directed to strike this matter from the Court's docket.