COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Huff, Ortiz and Friedman
Argued by videoconference


CHRISTINE HILL

                                                        MEMORANDUM OPINION* BY
v.        Record No. 1606-19-1                         JUDGE DANIEL E. ORTIZ
                                                           NOVEMBER 16, 2021
WAYNE HILL


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                         Christopher W. Hutton, Judge

            Barbara T. Hanna (Riddle & Hanna, on briefs), for appellant.

            Nicholas D. Renninger (Kozak, Davis & Renninger, on brief), for
            appellee.


        Christine Hill ("mother") appeals the Hampton City Circuit Court's custody/visitation order

("circuit court custody order"), which awarded primary physical custody of the parties' son to

Wayne Hill ("father").  On appeal, mother makes two assignments of error:  (1) the circuit court

erred in interpreting Code § 8.01-428(B) to conclude it had jurisdiction to hear father's untimely

appeal from the Hampton City Juvenile and Domestic Relations District Court ("the JDR court"),

and (2) the circuit court erred by considering inadmissible hearsay evidence when ruling on

mother's motion to dismiss due to lack of jurisdiction ("motion to dismiss").  Because we agree

with mother that the circuit court never acquired jurisdiction over father's appeal, we reverse

without reaching the second assignment of error.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On appeal, we view the facts and any reasonable inferences from those facts in the light most favorable to the prevailing party below, in this case father. Shah v. Shah, 70 Va. App. 588, 591 (2019).

The parties were divorced on March 31, 2015. On December 11, 2017, father filed two motions to modify custody and visitation of the parties' son and daughter (E.H. and G.H., respectively) in the JDR court. The two-day trial on these motions occurred on June 6 and August 20, 2018, followed by multiple hearings for entry of the final orders. On November 14, 2018, the JDR court entered a final custody/visitation order ("JDR custody order") with respect to E.H., awarding the parties joint legal custody and mother primary physical custody with visitation to father.

Father filed his written notice of appeal on November 27, 2018, thirteen days after the JDR custody order was entered.[1] The JDR court transferred the case to the circuit court. Mother's counsel filed the motion to dismiss, arguing that father's appeal of the JDR custody order with respect to E.H. was untimely.

The circuit court held a hearing on the motion to dismiss on January 9, 2019. At that hearing, father's counsel proffered that father went to the JDR court clerk's office on November 20, 2018, to file his written notice of appeal. However, a JDR court clerk told father the JDR custody order had not been entered yet. There is no evidence in the record that father attempted to file the JDR court's Form DC-581 or any other written pleading noting his appeal. Moreover, counsel proffered that father received the JDR custody order by mail the afternoon of November 26, 2018, and filed his appeal on November 27, 2018. Mother's counsel objected to the proffer

---

[1] Father timely noted his appeal to the circuit court of the daughter's companion case.

and insisted that if father wanted to offer such evidence, he would need to call witnesses. The circuit court took mother's motion to dismiss under advisement.

On January 25, 2019, before the trial court ruled on mother's motion to dismiss, the guardian *ad litem* for E.H. filed a position in which he argued the circuit court should deny the motion to dismiss. The guardian *ad litem* also provided a letter from the JDR court clerk's office corroborating the proffer made by father's counsel.

The circuit court issued a letter opinion denying mother's motion to dismiss on February 5, 2019. After considering "all the materials available to [it]" and father's exercise of "every appropriate effort to successfully appeal," the court concluded the JDR court clerk's office made a clerical error. The court entered an accompanying order on April 19, 2019, denying the motion on the basis that Code § 8.01-428(B) permitted the court to correct a "clerical issue" — in this case, the clerk's verbal representation that the final order had not been entered.

Following a trial on the merits of father's appeal, the circuit court entered the final circuit court custody order, and mother timely appealed.

ANALYSIS

Mother argues the circuit court erred in interpreting Code § 8.01-428(B) to conclude it had jurisdiction to hear father's untimely appeal from the JDR court. This first assignment of error presents an issue of statutory interpretation, which is a question of law this Court reviews *de novo*. Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104 (2007).

A. Father's Timeline to Appeal from the JDR Court

Neither party contests the statutory timeline required for an appeal from a juvenile and domestic relations district court. Code § 16.1-296(A) provides in pertinent part:

> [f]rom any final order or judgment of the juvenile court affecting
> the rights or interests of any person coming within its jurisdiction,
> an appeal may be taken to the circuit court within 10 days from the

entry of a final judgment, order or conviction and shall be heard de novo.

Further, Code § 1-210(B) provides that

> [w]hen the last day for performing an act during the course of a judicial proceeding falls on a Saturday, Sunday, legal holiday, or any day or part of a day on which the clerk's office is closed as authorized by an act of the General Assembly, the act may be performed on the next day that is not a Saturday, Sunday, legal holiday, or day or part of a day on which the clerk's office is closed as authorized by an act of the General Assembly.

Together, these statutes determine the date on which father was required to file his notice of appeal. The JDR court entered the JDR custody order regarding E.H. on November 14, 2018. Code § 16.1-296(A) required that father note his appeal on or before the ten-day appeal deadline, November 24, 2018. Since November 24, 2018, was a Saturday, father could note his appeal on or before the next day the court was open — November 26, 2018. Father did not note his appeal until November 27, 2018.

### B. Mother's Motion to Dismiss and Code § 8.01-428(B)

In denying mother's motion to dismiss, the circuit court relied on Code § 8.01-428(B) to effectively extend the deadline by which father was required to note his appeal. That section provides that

> [c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.

Code § 8.01-428(B).

Mother argues that the circuit court erred in interpreting Code § 8.01-428(B) because a "clerical mistake" under the statute did not occur. Because this Court is bound by existing precedent from the Supreme Court of Virginia, we agree.

In School Board of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 555 (1989), the Supreme Court of Virginia clarified what constitutes a "clerical mistake." Code § 8.01-428(B) permits a court to "correct the record to make it 'speak the truth.'" Id. (quoting Council v. Commonwealth, 198 Va. 288, 292 (1956)). Further, a court has the power to do so "only 'when the record clearly supports such corrections.'" Id. (quoting Cutshaw v. Cutshaw, 220 Va. 638, 641 (1979)).

The facts of School Board of Lynchburg bear striking similarities to those in the present case. In that case, the appellant school board failed to timely note its appeal from the circuit court within the thirty days required by statute. Id. at 553. Trial counsel submitted an order to the court on July 22. Id. at 552. On August 15 and 22, counsel called the circuit court clerk to inquire about the status of the final order and was told each time that the order had not been entered. Id. at 552-53. In fact, the trial court had entered the final order on July 25. Id. at 553. The trial court found that the verbal representations by the clerk of court constituted a "clerical mistake" within the meaning of Code § 8.01-428(B). Id.

In ruling on the appellee's motion to dismiss the appeal, the Supreme Court of Virginia explicitly rejected the argument that a representation by a clerk's office qualifies as a "clerical mistake." Id. at 556. Moreover, the Court held that providing erroneous information to counsel does not constitute neglect or improper performance of duty by a clerk. Id. The Court found that the record "correctly reflected the court's rulings, correctly recited the proceedings, and was subject to no errors of oversight or omission" and that there was "no competent evidence from

any source to suggest that it failed to speak the truth." Id. at 555. As a result, the Supreme Court dismissed the appeal.[2]

Here, as in School Board of Lynchburg, father relied on a JDR court clerk's erroneous representation to ascertain the JDR custody order's status. Nothing in father's argument on appeal in the circuit court indicated the JDR record failed to speak the truth to the proceedings below. Father never asserted that the record failed to accurately reflect the JDR court's ruling or the proceedings. Nor did he claim the record contained any errors of oversight or omission. Instead, the error was a verbal representation by a clerk of court, not an error in the record.

The Supreme Court in School Board of Lynchburg refused to permit an extension of the appellate deadline based upon a verbal representation by a court clerk. Yet that is precisely what the circuit court did here — it extended the ten-day appeal deadline based upon the representation by the JDR court clerk. Supreme Court precedent dictates that such statements by a court clerk, even if relied upon by a party, do not qualify as "clerical mistakes" for the purposes of Code § 8.01-428(B).

This Court recognizes the implications of this ruling and the inequitable result. Father relied on the clerk's office to competently perform its function of maintaining court records and its ability to communicate the record's contents to him. Unfortunately, his reliance was misplaced. One may wonder why the entered order was not in the court file if it had been entered by a judge six days earlier, or how litigants are expected to fairly try their cases if court

---

[2] In the aftermath of the School Board of Lynchburg case, the General Assembly enacted Code § 8.01-428(C), and by its express terms permitted a "circuit court" to extend the deadline to note an "appeal therefrom" under certain circumstances. See Zhou v. Zhou, 38 Va. App. 126, 136 (2002). However, as father conceded at oral argument, this provision only applies to appeals from circuit courts, not appeals from district courts to circuit courts. See Eklund v. Eklund, No. 1120-10-1, slip op. at 4-5 (Va. Ct. App. May 17, 2011). Absent a similar legislative change and the arguments of father, this Court and the circuit court are limited to subsection (B) and the precedent set in School Board of Lynchburg.

records are not currently maintained.  However, this Court cannot read authority into a statute where the legislature and the Supreme Court have declined to do so.  We are bound by precedent to find that the circuit court erred as a matter of law in interpreting the statute.  As such, the circuit court was without jurisdiction to hear the appeal.

CONCLUSION

The Hampton City Circuit Court erred in interpreting Code § 8.01-428(B) to extend father's ten-day appeal deadline from the JDR court.  Because the circuit court never acquired jurisdiction over father's untimely appeal, we do not reach mother's second assignment of error.  For the foregoing reasons, we reverse the judgment of the circuit court, vacate the circuit court's final order, and remand to the circuit court with instructions to remand to the Hampton City Juvenile and Domestic Relations District Court.

Reversed and remanded.