COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Bumgardner
Argued at Richmond, Virginia


GEORGE WILLIAM RICHARDSON
                                        OPINION BY
v.        Record No. 2456-97-2    JUDGE JERE M. H. WILLIS, JR.
                                      OCTOBER 6, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                   William H. Ledbetter, Jr., Judge

            Elizabeth Virginia Killeen, Assistant Public
            Defender (Office of the Public Defender, on
            brief), for appellant.

            Richard Barton Campbell, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     George William Richardson contends that the trial court

erroneously dismissed as untimely his appeal from a juvenile

court's judgment in a commitment review hearing held pursuant to

Code § 16.1-289.  For the reasons that follow, we reverse and

remand the case to the trial court.

                                I.

                            BACKGROUND

     Richardson, a juvenile, pleaded guilty in the Spotsylvania

County Juvenile and Domestic Relations District Court (juvenile

court) to two probation violations and was adjudicated delinquent

on May 29, 1997.  On June 11, 1997, the juvenile court committed

him to the Department of Juvenile Justice (DJJ).  He did not

appeal that order.

     In the June 11, 1997 order, the juvenile court scheduled a

commitment review hearing for August 7, 1997, and stated:

> [The] Court will strongly consider releasing George from the commitment if he is in compliance with all requirements of Department of Juvenile Justice and is doing well.

At the August 7, 1997 review hearing, the juvenile court declined to rescind the commitment.  On August 18, 1997,[1] Richardson appealed that judgment to the Spotsylvania County Circuit Court (trial court).  On September 15, 1997, the trial court dismissed the appeal as untimely, holding that the June 11, 1997 commitment order, not the August 7 order, was the appealable order.

## II.

### JURISDICTION OF CIRCUIT COURT

Richardson contends that the trial court erred in ruling that a juvenile court's judgment in a commitment review hearing is not appealable.  We agree.

Code § 16.1-289, entitled "Review of order of commitment," provides:

> The juvenile court or the circuit court, as the case may be, of its own motion may reopen any case and may modify or revoke its order.  The juvenile court or the circuit court shall before modifying or revoking such order grant a hearing after notice in writing to the complainant, if any, and to the person or agency having custody of the child; provided, however, that this section shall not apply in the case of a child committed to the Department [of Juvenile Justice] after sixty days from the date of the order of commitment.

_____

[1]August 17, 1997 was a Sunday.  See Code § 1-13.3:1.

Code § 16.1-289 permits a trial court to review sua sponte the commitment of a juvenile. The trial court, in its discretion, may revoke, modify or continue the commitment. The only statutory limitations on such proceedings are as follows: (1) the trial court cannot revoke or modify a commitment after sixty days from the date of the order of commitment; and (2) the trial court must provide written notice of the hearing to the complainant, if any, and to the person or agency having custody of the child.

A commitment review is not a re-examination of the underlying order of delinquency or commitment. The delinquency or commitment order is a final order for purposes of appeal pursuant to Code § 16.1-296. A commitment review permits the trial court to evaluate the utility of continuing the commitment in the light of post-commitment developments and circumstances. Such an assessment is consistent with the juvenile law's paramount concern with the welfare of the child and family, the safety of the community, and protection of the rights of victims. See Code § 16.1-227. A commitment review order revoking, modifying or continuing the commitment is a final, appealable order as to the decision whether to revoke, modify or continue the commitment.

The right of appeal from a juvenile court is set forth in Code § 16.1-296. See Walker v. Dept. of Public Welfare, 223 Va. 557, 562, 290 S.E.2d 887, 890 (1982). Code § 16.1-296(A)

provides, in relevant part:

> From any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken within ten days from the entry of a final judgment, order or conviction.

This statutory language makes plain that the appellate jurisdiction of the circuit court encompasses "any final order" of the juvenile court. The juvenile court's August 7, 1997 order was a final order.

An order determining whether to modify, revoke or continue a juvenile's commitment following a review hearing pursuant to Code § 16.1-289, is final because it concludes that issue and "'leaves nothing to be done by the court.'" Hairfield v. Commonwealth, 7 Va. App. 649, 655, 376 S.E.2d 796, 799 (1989) (citations omitted) (juvenile transfer orders are "final"). See Alexander v. Morgan, 19 Va. App. 538, 540, 452 S.E.2d 370, 371-72 (1995). That issue is separate and distinct from the issues determining the original finding of delinquency and the commitment order.

The term "any" in Code § 16.1-296(A) is neither limited nor qualified. Cox v. Cox, 16 Va. App. 146, 148, 428 S.E.2d 515, 516 (1993). We note that Code § 16.1-296(E) requires that an adult's appeal from conviction of an offense within the jurisdiction of the juvenile and domestic relations district court shall be treated as an appeal from a general district court. See Code § 16.1-136. Code § 16.1-296(E) provides that the procedures for appealing a charge of non-support are governed by Code § 20-61,

<u>et</u> <u>seq.</u> Code § 16.1-285.2, governing release and review hearings for serious offenders, states expressly that "[t]he order of the court shall be final and not subject to appeal." Code § 16.1-285.2(D). By contrast, the language in Code §§ 16.1-289 and 16.1-296 neither limits a juvenile's right to appeal a commitment review order nor states that such an order is not appealable.

The Commonwealth misapprehends the basis for Richardson's appeal, arguing that it was barred because Richardson did not timely appeal the order of commitment. Richardson appealed the juvenile court's August 7, 1997 decision to continue his commitment. He did not, and could not on August 18, 1997, appeal the June 11, 1997 order of commitment, because the statutory time for appealing that order had run. <u>See</u> Code § 16.1-296(A).

Because the August 7, 1997 order was appealable, we reverse and remand the case to the trial court to consider Richardson's appeal with respect to the issues determined by that order.

<u>Reversed and remanded.</u>