COURT OF APPEALS OF VIRGINIA


Present:    Judges Clements, Kelsey and Senior Judge Annunziata
Argued at Alexandria, Virginia


DENISE S. LEE
                                            MEMORANDUM OPINION[*] BY
v.        Record No. 2693-07-4            JUDGE ROSEMARIE ANNUNZIATA
                                                AUGUST 5, 2008
FREDERICK COUNTY
  DEPARTMENT OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF FREDERICK COUNTY
                        John R. Prosser, Judge

            William A. Bassler (William August Bassler, PLC, on briefs), for
            appellant.

            Russell A. Fowler (Winchester Law Group, PC, on briefs), for
            appellee.

            Georgia Rossiter (Georgia Rossiter, PC, on brief), Guardian *ad
            litem* for the minor child.

            *Amicus Curiae*:  Commonwealth of Virginia (Robert F.
            McDonnell, Attorney General; William E. Thro, State Solicitor
            General; Stephen R. McCullough, Deputy State Solicitor General;
            Kim F. Piner, Senior Assistant Attorney General, on brief), for
            appellee.

       Appellant, Denise S. Lee, contends on appeal that the circuit court erred in dismissing her

motion to dismiss proceedings and return custody of her son, B.S.T.L., to her.  As grounds, she

states that the court lost jurisdiction over her son's custody once the child's prior delinquency

charges were dismissed.  For the reasons set forth in this opinion, we affirm the decision of the

trial court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

B.S.T.L. came before the juvenile and domestic relations district court (JDR court) on multiple delinquency charges. On May 22, 2006 the JDR court entered a final order setting forth its finding of guilt in respect to a delinquency charge labeled "04," destruction of property. The JDR court deferred disposition of the other delinquency charges, and they were continued for later review and possible dismissal. In disposition of his delinquency adjudication on charge 04 the JDR court entered a separate order transferring custody of B.S.T.L. pursuant to Code § 16.1-278.8(A)(13)(c) to the Frederick County Department of Social Services (FCDSS) after finding that reasonable efforts had been made to prevent removal and that continued placement in the home would have been contrary to the welfare of the juvenile.

Almost a year later, on May 14, 2007, the JDR court reviewed the delinquency charges, concluded that B.S.T.L. had complied with the terms of the prior order, and issued a new order dismissing charges "02-02, 02-03 + 04 through 11."

Thereafter, Lee filed a Motion to Dismiss Proceedings and Return Custody to Mother. She contended that the child's custody automatically reverted to her upon dismissal of the underlying delinquency charge, *viz.*, charge 04. The JDR court denied her motion. Lee then appealed to the circuit court, which likewise denied her motion. This appeal followed.

ANALYSIS

The JDR court lacked jurisdiction to dismiss charge 04.

> A defect in subject matter jurisdiction cannot be cured by reissuance of process, passage of time, or pleading amendment. While a court always has jurisdiction to determine whether it has subject matter jurisdiction, a judgment on the merits made without subject matter jurisdiction is null and void. Barnes v. American Fert. Co., 144 Va. 692, 705, 130 S.E. 902, 906 (1925). Likewise, any subsequent proceeding based on such a defective judgment is void or a nullity.

Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 755-56 (1990). "[T]he lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court *sua sponte*." Id. (citation omitted).

The May 22, 2006 order adjudicated B.S.T.L. delinquent on charge 04 and, pursuant to Code § 16.1-278.8(A)(13)(c), entered a disposition transferring custody to FCDSS. Dispositional orders under Code § 16.1-278.8 are final orders. See Richardson v. Commonwealth, 28 Va. App. 389, 391, 504 S.E.2d 884, 885 (1998); compare Code § 16.1-296(A) (appeals taken only from final orders) with Code § 16.1-296(C) through (C2) (discussing appeals taken "by a child on a finding that he is delinquent *and* on a disposition pursuant to Code § 16.1-278.8" (emphasis added)). Appellant did not appeal the May 22 order to the circuit court within ten days of its entry, Code § 16.1-296(A), or apply to reopen the case within sixty days under Code § 16.1-133.1. Thus, pursuant to Rule 1:1, the JDR court lost jurisdiction over charge 04 on June 16, 2006 and never properly regained jurisdiction. See Morgan v. Russrand Triangle Assocs., Inc., 270 Va. 21, 26, 613 S.E.2d 589, 591 (2005) (holding a trial court had no power to modify a final order after twenty-one days because it had lost jurisdiction under Rule 1:1). Because the juvenile court lost jurisdiction of charge 04 prior to dismissing that charge on May 14, 2007, that dismissal is of no force. See Barnes, 144 Va. at 705, 130 S.E. at 906.

For these reasons, the circuit court did not err in denying appellant's motion to return custody of the child to her. That motion presupposed the JDR court had jurisdiction to dismiss the 04 delinquency charge long after it had been finally adjudicated. Because the JDR court had no such jurisdiction, the 04 delinquency adjudication remains unaltered. It follows that the JDR

court continues to have authority under Code § 16.1-278.8(A)(13)(c) to maintain custody of the child with FCDSS.

Affirmed.