COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judge Elder and Senior Judge Bumgardner


JEREMY ANTONIO WASHINGTON

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1570-10-4            JUDGE RUDOLPH BUMGARDNER, III
                                                        APRIL 5, 2011
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF CULPEPER COUNTY
                                 John G. Berry, Judge[1]

          (Catherine Buckner Lea; Lea Law, Inc., on briefs), for appellant.
          Appellant submitting on briefs.

          (Kenneth T. Cuccinelli, II, Attorney General; Richard B. Smith,
          Special Assistant Attorney General, on brief), for appellee.
          Appellee submitting on brief.


        Jeremy Antonio Washington, a juvenile, appeals a decision that the circuit court did not

have jurisdiction to conduct a review hearing of his commitment to the Department of Juvenile

Justice. We agree that the trial court lacked jurisdiction and affirm that decision.

        The Commonwealth filed a petition in the juvenile and domestic relations district court

charging the defendant with carrying a firearm on school property and violating his probation.

The JDR court sentenced defendant for an indeterminate period. He appealed to the circuit

court. On February 3, 2010, the defendant withdrew his appeal and agreed that he was guilty of

carrying a firearm on school property and of violating the terms of his probation.[2] The circuit

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Designate J. Howe Brown, Jr. conducted the February 2010 hearing, and Judge John G. Berry conducted the April 2010 hearings.

[2] There was no written plea agreement.

court committed the defendant for an indeterminate period in accordance with the JDR court's decision. The Commonwealth and the defendant asked the circuit court to set a sixty-day (60) review date and agreed to a hearing on April 20, 2010. The circuit court entered the commitment order on February 11, 2010 and set the review hearing for April 20, 2010.

On that date, the defendant appeared for the review hearing. The parties agreed that defendant's commitment had been pursuant to Code § 16.1-285. The circuit court found that it no longer had jurisdiction under Code § 16.1-285 to review defendant's commitment. The next day, the circuit court modified the reasoning for its decision. In a letter to the parties, the judge stated that after the hearing, he realized that Code § 16.1-289 allowed for review, but only within sixty days. April 20, 2010 was sixty-eight days after the commitment order entered on February 11, 2010.

The defendant filed a motion to rehear. At the hearing on the motion, the defendant argued that the order that set the review after the statutory sixty-day deadline was in error. He maintained that it would be "fair" to conduct a review hearing because the review hearing was part of the plea agreement. The trial court ruled that it lacked jurisdiction to review the commitment because more than sixty days had passed since the commitment.

Code § 16.1-289[3] authorizes a court to reopen a case and to modify the commitment order, but the statute expressly limits the review to a period of "sixty days from the date of the

_____

[3] Code § 16.1-289 states:

> The juvenile court or the circuit court, as the case may be, of its own motion may reopen any case and may modify or revoke its order. The juvenile court or the circuit court shall before modifying or revoking such order grant a hearing after notice in writing to the complainant, if any, and to the person or agency having custody of the child; provided, however, that this section shall not apply in the case of a child committed to the Department after sixty days from the date of the order of commitment.

- 2 -

order of commitment." Richardson v. Commonwealth, 28 Va. App. 389, 504 S.E.2d 884 (1998), stated:

> Code § 16.1-289 permits a trial court to review *sua sponte* the commitment of a juvenile. The trial court, in its discretion, may revoke, modify or continue the commitment. The only statutory limitations on such proceedings are as follows: (1) the trial court cannot revoke or modify a commitment after sixty days from the date of the order of commitment; and (2) the trial court must provide written notice of the hearing to the complainant, if any, and to the person or agency having custody of the child.

Id. at 391, 504 S.E.2d at 885.

The final disposition order was entered February 11, 2010 when the trial court committed the defendant for an indeterminate period. The parties agreed to a review in sixty days, but they picked a review date, April 20, 2010, which was more than sixty days later. Code § 16.1-289 limits the court's authority to review a commitment order to sixty days. The effect of the sixty-day limitation in Code § 16.1-289 is similar to that of the twenty-one-day limitation in Rule 1:1. Although the parties at the February 3, 2010 hearing may have thought that the date of April 20, 2010 was within sixty days, it was not, and a mistaken belief by the parties may not confer jurisdiction upon a court when a statute expressly denies jurisdiction.

The defendant also argues that the circuit court committed a clerical error when it scheduled his review hearing beyond the sixty-day time period.[4] Code § 8.01-428(B) authorizes a trial court to correct "[c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission . . . ." "This code section provides the trial court with the authority only to correct 'clerical mistakes' in its decree

---

[4] Appellant also argues that the sixty-day limitation could be considered his right and he would be willing to waive the right. Appellant failed to present this argument to the circuit court, and Rule 5A:18 bars consideration of it on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

or errors in the record so as to cause the acts and proceedings to be set forth correctly." <u>Zhou v. Zhou</u>, 38 Va. App. 126, 133, 562 S.E.2d 336, 339 (2002).

In this case, the parties agreed to set a review hearing on April 20, 2010, and the trial court correctly reflected that date in its order entered on February 11, 2010. To change that order to reflect a different date would not have the record speak the truth. The order of February 11, 2010 contained no clerical error.

Accordingly, we affirm the decision that the trial court lacked jurisdiction to conduct a review of the defendant's commitment.

<u>Affirmed.</u>