Present:  All the Justices

MEDIA GENERAL, INC.

v.  Record No. 992609     OPINION BY JUSTICE ELIZABETH B. LACY
                                        September 15, 2000
WILLIAM F. SMITH, JR.

FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
William H. Shaw, III, Judge

In this appeal, we consider whether the trial court properly dismissed a bill of complaint filed by Media General, Inc., pursuant to Code § 8.01-428(D), seeking to set aside a default judgment entered against it.

On August 28, 1995, William F. Smith, Jr., was injured when the vehicle he was driving collided with a vehicle driven by Gale A. Aldrich.  In April 1997, Smith filed suit against Aldrich alleging that he was injured as a result of Aldrich's negligent operation of a motor vehicle.  Smith filed an amended motion for judgment adding Media General as a defendant, asserting that at the time of the accident Aldrich was acting in the scope of his employment as a newspaper carrier for Media General, the parent corporation of Richmond Newspapers, Inc.  Smith served George L. Mahoney, the General Counsel and Registered Agent for Media General.  Media General did not file any pleadings in response to Smith's motion for judgment.

On March 24, 1998, the trial court entered a default judgment against Media General.  At a subsequent hearing, the court awarded damages of $405,246.50 against Media General.

On October 13, 1998, Media General filed a bill of complaint pursuant to Code § 8.01-428(D) seeking to set aside the default judgment entered against it.  The trial court denied Media General the relief sought and dismissed the bill of complaint, finding that Media General was "not free from fault or negligence" in failing to respond to Smith's motion for judgment.

On appeal, Media General assigns eight errors to the judgment of the trial court.  These assignments of error address four general issues:  (1) whether the trial court erred in finding that Media General was "not free from fault or negligence"; (2) whether the trial court erred in failing to adopt "excusable neglect" as an alternative standard for determining negligence under Code § 8.01-428(D); (3) whether the trial court erred in concluding that Media General was a proper party; and (4) whether the trial court erred in refusing to admit evidence regarding the effectiveness of Media General's system of accepting documents served on it. We consider these questions in order.

I.

The evidence is not in dispute.  In April 1996, Smith's attorney notified the Richmond Times Dispatch, by letter, of Smith's claim against Aldrich.  This letter was forwarded to Mahoney, and a file was established at Media General for Smith's claim.  In September 1996, D. Page Cooper, Media General's Risk Manager, responded to an inquiry from Smith's uninsured motorist liability insurance carrier regarding Aldrich's employment status and the applicability of certain automobile liability insurance carried by Media General.  In April 1997, Media General received a subpoena duces tecum requesting information regarding Cooper's response to Smith's 1996 inquiry.  The request was forwarded to Media General's counsel, who prepared and forwarded a response.  Media General's file on Smith's claim was sent to storage in July 1997.

On August 18, 1997, Mahoney received Smith's amended motion for judgment and dictated a memorandum referring the matter to Cooper with instructions that the case be forwarded to Media General's insurance carrier.  Neither the memorandum nor the amended motion for judgment was received by Cooper or the insurance carrier.  There is no evidence showing what happened to these documents.  The record also reflects that Smith's attorney mailed various notices to Mahoney, such as the notice for hearing on the default judgment motion, but

3

Mahoney testified that he did not recall receiving any of them.  Following the entry of the default judgment against Media General, Smith's counsel informed Media General by certified letter that he intended to proceed with the collection of the judgment, and that, in the absence of a response, Smith would proceed with collection of this debt.

II.

Code § 8.01-428(D) allows a court to "entertain at any time an independent action to relieve a party from any judgment or proceeding."  To prevail in an action filed under this provision, the applicant for such relief has the burden to prove:  (1) that the default judgment should not, in equity and good conscience, be enforced; (2) that it had a good defense to the alleged cause of action on which the judgment is founded; (3) that fraud, accident, or mistake prevented it from obtaining the benefit of its defense; (4) that there was an absence of fault or negligence by the defendant; and (5) that the applicant for relief under this Code section was without an adequate remedy at law.  Charles v. Precision Tune, Inc., 243 Va. 313, 317-18, 414 S.E.2d 831, 833 (1992).

At issue in this case is whether Media General produced sufficient evidence to satisfy the fourth element of the cause of action, i.e., that it was free from fault or negligence. Media General argues that it met its burden of proof in this

case with its evidence that it had a system in place for receiving and responding to service of process, that the system was reasonable, had operated well in the past, and "appears to have been triggered appropriately" when Smith's motion for judgment was received.  Media General argues that, although it does not know what happened to the amended motion for judgment, it had a system for handling such matters in place, and, consequently, its lack of knowledge as to why its system apparently did not work properly does not rise to the level of negligence or fault on its part.  Therefore, Media General concludes, the trial court erred in finding that Media General was not "free from fault or negligence."

We reject Media General's argument.  Media General had the burden to produce evidence showing that it was neither at fault nor negligent.  The evidence recited above shows only that a system failed.  It does not provide any showing as to how or why the system failed and thus provides no evidence that Media General was free from fault or negligence when it did not respond to Smith's motion for judgment.

Media General next argues that in determining whether it was negligent, the trial court should have applied the broader standard of "excusable neglect," a standard utilized under Rule 60(b) of the Federal Rules of Civil Procedure and a number of other jurisdictions, in considering whether to set

aside default judgments.  See, e.g., Paige v. City of Chariton, 252 N.W.2d 433, 437 (Iowa 1977); White v. Berryman, 418 S.E.2d 917, 925 (W. Va. 1992); Jackson Hole Community Hous. Trust v. Scarlett, 979 P.2d 500, 502 (Wyo. 1999).

The General Assembly has not incorporated the excusable neglect standard into Code § 8.01-428, and we decline Media General's invitation to do so here.  As we have stated on previous occasions, principles of certainty and finality of judicial proceedings require that the provisions of subsection (D) of Code § 8.01-428 be narrowly construed.  See Precision Tune, 243 Va. at 317, 414 S.E.2d at 833, and cases cited therein.  Accordingly, we conclude that the trial court did not err in refusing to apply a standard of excusable neglect and did not err in finding that Media General was not free from negligence or fault in failing to respond to Smith's amended motion for judgment.

Media General also assigns error to the trial court's finding that it was a proper party to Smith's action.  This assertion is raised in the context of establishing the first element of an independent action under Code § 8.01-428(D) recited above.  Media General's argument on this point can be summarized as asserting that the default judgment should not be enforced "in equity and good conscience" because Media General was named as a defendant "under the incorrect

6

assumption that Aldrich was a Media General employee."  Media General contends that there was "no basis for holding Media General liable for any act of Aldrich."

To prevail in an action under Code § 8.01-428(D), all five elements of the independent action must be established.  Because we have already concluded that Media General did not meet its burden of proving that it was without fault or negligence in failing to respond to Smith's amended motion for judgment, we need not address the question whether Media General met its burden of proving that enforcing the judgment against Media General was inequitable or unconscionable.

Finally, Media General asserts that it should have been allowed to introduce evidence regarding the "good track record" of its system for receiving and referring documents served on it.  Specifically, Media General sought to introduce testimony that "there had never been a default judgment taken against Media General."  The trial court refused to admit this statement, finding it irrelevant.  We agree.  Such evidence does not indicate what happened to the documents in this case, nor does the evidence show whether Media General was free from fault or negligence in failing to respond to Smith's amended motion for judgment.[*]

---

[*] On brief before this Court, Media General argues that the evidence in question should have been admitted to show

7

For the reasons stated, we will affirm the judgment of the trial court.

Affirmed.

---

that Media General's reliance on its system was reasonable. That argument was not made before the trial court, and we do not consider it here.  Rule 5:25.