COURT OF APPEALS OF VIRGINIA

Present:  Judges O'Brien, Causey and Bernhard

REGENCY CARE OF ARLINGTON, LLC

                                                MEMORANDUM OPINION*
v.      Record No. 1049-24-4                    PER CURIAM
                                                MAY 27, 2025

INOVA HEALTH CARE SERVICES, d/b/a
  INOVA LABORATORIES

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Alfred D. Swersky, Judge Designate

(Amy M. Heerink; Kevin C. Rasp; O'Hagan Meyer, PLLC, on
briefs), for appellant.

(James R. Meizanis, Jr.; Blankingship & Keith, P.C., on brief), for
appellee.


        Regency Care of Arlington, LLC (Regency) appeals the trial court's final order denying

its motion to vacate a default judgment.  Regency asserts that the evidence supported vacating

the default judgment under Code § 8.01-428(D).  Regency also argues that the trial court erred in

finding that it lacked jurisdiction to modify the default judgment order.  Finding no error, this

Court affirms the trial court's judgment.[1]

---

* This opinion is not designated for publication pursuant to Code § 17.1-413(A).

[1] After examining the briefs and record in this case, the Court holds unanimously that oral
argument is unnecessary because "the dispositive issue or issues have been authoritatively decided,
and the appellant has not argued that the case law should be overturned, extended, modified, or
reversed."  Code § 17.1-403(ii)(b); Rule 5A:27(b).

BACKGROUND[2]

Inova Health Care Services (Inova) sued Regency for breach of contract, alleging that Regency had not paid $150,219.86 that was due under their laboratory testing services agreement. In March 2023, Inova served the complaint on Regency through its registered agent. Regency did not answer or otherwise respond to the complaint. In October 2023, after a hearing at which Regency did not appear, the trial court granted Inova's motion for default judgment.[3]

In May 2024, Regency moved the trial court to vacate the default judgment order and grant it leave to file responsive pleadings. Claiming that it had "no proof that it was served," it alleged that "[s]ervice was lost somewhere in the chain of custody in a purely administrative error" and that it did not receive the complaint "for an unknown reason."[4] Regency speculated that the complaint "was delivered to a person who was either on the way out or to an e-mail box that was not monitored." Regency further claimed that invoices showed that Inova only had a right to recover $4,195.41. If the trial court would not vacate its order, Regency asked in the alternative that it reduce the amount of the award to $4,195.41. In response, Inova provided the trial court with their process server's affidavit documenting that Regency had been served in March 2023.

After a hearing, the trial court found that Regency had been served in March 2023 and that Regency's lack of a response was due to "internal failures." It denied Regency's motion to

---

[2] Under settled principles of appellate review, the facts are stated in the light most favorable to Inova. *Norfolk S. Ry. Co. v. Sumner*, 297 Va. 35, 37 (2019).

[3] Regency did not include the October 2023 order as part of the record, but the record indicates, and it is undisputed, that the trial court awarded Inova $150,219.86 in damages supported by affidavit.

[4] Regency also admitted that it was served.

vacate the default judgment order. The trial court also found that the default judgment was final under Rule 1:1 and denied Regency's motion to reduce the judgment. Regency appealed.

ANALYSIS

I. Relief Under Code § 8.01-428(D)

This Court reviews the trial court's decision to set aside or uphold a default judgment for abuse of discretion. *Sauder v. Ferguson*, 289 Va. 449, 458-59 (2015). "An abuse of discretion occurs 'only "when reasonable jurists could not differ"' as to the proper decision." *Hartley v. Bd. of Supervisors*, 80 Va. App. 1, 23 (2024) (quoting *Reston Hosp. Ctr., LLC v. Remley*, 63 Va. App. 755, 764 (2014)).

Code § 8.01-428(D) permits a trial court "to entertain at any time an independent action to relieve a party from any judgment or proceeding" if certain conditions are met. The moving party must establish:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Va. Polytechnic Inst. & State Univ. v. Prosper Fin., Inc.*, 284 Va. 474, 483 (2012) (quoting *Charles v. Precision Tune, Inc.*, 243 Va. 313, 317-18 (1992)). Code § 8.01-428 "does not create new rights or remedies," and is construed "narrowly to advance the principle of finality of judgments." *Id.* When the moving party simply alleges that its internal process failed to respond to the complaint without showing "how or why the system failed," it has not shown the absence of fault or negligence. *Media Gen., Inc. v. Smith*, 260 Va. 287, 291 (2000).

Regency did not describe to the trial court how its system for handling complaints generally operates or why it did not work. Instead, it merely hypothesized the possibility of administrative oversight, apathetic personnel, or an unmonitored email account. It now blames the "pressures of

the COVID-19 pandemic." Regency, however, also conceded that the true cause of its failure to respond to the complaint was "unknown." So, Regency did "not provide any showing as to how or why the system failed and thus provides no evidence that [Regency] was free from fault or negligence when it did not respond to [Inova's] motion for judgment." *Media Gen.*, 260 Va. at 291.

"To prevail in an action under Code § 8.01-428(D), all five elements of the independent action must be established." *Id.* The record supports the trial court's finding that Regency failed to prove a necessary element to set aside the default judgment under Code § 8.01-428(D).[5]

## II. Modifying the Judgment

This Court reviews questions of a court's jurisdiction de novo. *Johnson v. Johnson*, 72 Va. App. 771, 777 (2021). "All final judgments, orders, and decrees . . . remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(a). "A final order is one which 'disposes of the entire action and leaves nothing to be done except the ministerial superintendence of execution of the judgment.'" *Kosko v. Ramser*, 299 Va. 684, 687 (2021) (quoting *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 560 (2002)). Absent a statutory exception, once the 21-day period has expired, the trial court is "without jurisdiction in the case." *Dobson v. Commonwealth*, 76 Va. App. 524, 529 (2023) (quoting *Super Fresh*, 263 Va. at 563).

Regency argues that the trial court should have reduced the amount awarded in the default judgment. The October 2023 order, however, was final—the trial court granted Inova a default judgment against Regency for $150,219.86. The order left the trial court with only the duty of supervising the judgment's execution. *Kosko*, 299 Va. at 687. Tellingly, Regency initiated this action shortly after Inova asked the trial court to issue Regency a summons to

---

[5] Having reached this conclusion, the other elements of Code § 8.01-428(D) need not be addressed.

answer debtor interrogatories.  More than 21 days had passed since the final order's entry when Regency moved the trial court to modify the default judgment.  Accordingly, the trial court lacked jurisdiction to modify the order under Rule 1:1.

## CONCLUSION

For the foregoing reasons, this Court affirms the circuit court's judgment.

*Affirmed.*