# COURT OF APPEALS OF VIRGINIA

**Record No. 0164-25-4**

DONALD WILLIAM HARRIS, JR.

v.

COMMONWEALTH OF VIRGINIA, ET AL.

Present: Judges Friedman, Chaney and Duffan

Opinion Issued June 16, 2026*

## FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Brett A. Kassabian, Judge

(Rocco DeLeonardis; Virginia Law, PLC, on briefs), for appellant. Appellant submitting on briefs.

(Philip C. Krone; Alexander Francuzenko; Cook Craig & Francuzenko, PLLC, on brief), for appellees.

## MEMORANDUM OPINION BY
## JUDGE KEVIN M. DUFFAN

Donald William Harris, Jr., appeals the Fairfax County Circuit Court's denial of his petition under Code § 8.01-428(D) to set aside a default judgment ordering the civil forfeiture of approximately $21,000 seized from him during an arrest. On appeal, Harris argues that the circuit court erred by finding that he failed to meet the elements required to grant relief from the forfeiture judgment and concluding that he received valid service of process. Finding no error, we affirm the judgment.[1]

---

\* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." *See* Code § 17.1-403(ii)(c); Rule 5A:27(c).

BACKGROUND[2]

In June 2015, Fairfax County Police officers arrested Harris on two allegations of selling marijuana and one allegation of eluding police. Police seized approximately $21,000[3] in cash from Harris during the arrest. Later that month, the Commonwealth filed a civil information for forfeiture of the currency. A copy of the notice of seizure was mailed to Harris in South Riding, Virginia at the address listed on his driver's license at the time of his arrest.[4] In July 2015, a Fairfax County Sheriff served Harris with a copy of the information via posting at the same South Riding address. Harris did not respond. The Commonwealth nolle prossed Harris's criminal charges in December 2015.

In July 2017, the Commonwealth sent Harris a notice that it would seek a default judgment and an order of forfeiture based on his failure to respond to the forfeiture proceedings. In August 2017, the circuit court found that Harris had been served but failed to respond and accordingly granted the Commonwealth's motion for default judgment and ordered the currency forfeited to the Commonwealth.

In January 2023, nearly five-and-a-half years later, Harris petitioned to set aside the forfeiture judgment pursuant to Code § 8.01-428(D), naming the Commonwealth and three individuals as defendants.[5] The Commonwealth opposed Harris's petition.

---

[2] "We review the evidence and all reasonable inferences in the light most favorable to the prevailing party at trial." *Ryland v. Manor Care, Inc.*, 266 Va. 503, 509 (2003).

[3] There is a slight discrepancy in the record as to the amount seized. The body of the information and the case style of the notice of seizure indicate that $21,181 was seized, while the case style of the information and order of forfeiture indicate that $21,281 was seized.

[4] This mailing was eventually returned with notations that it was "unclaimed," and the post office was "unable to forward" it.

[5] Harris's initial petition named only the Commonwealth and one other defendant. Harris amended his petition in May 2024, adding the other individual defendants. The individual

- 2 -

A hearing on the petition was held in the Fairfax County Circuit Court on November 15, 2024. At the hearing, Harris testified that in December 2015, after his criminal charges were nolle prossed, his defense attorney advised that he wait one year before asking for the seized funds. He further testified that in February 2017, once he received "the go ahead," Harris requested that the Fairfax County Sheriff's Office's property department return the cash, but was told "[t]hat it was unavailable." Harris relayed this information to his attorney who "started to pursue getting [his] money back." Harris denied receiving notice of the forfeiture proceedings and claimed that his attorney also did not receive notice and "kept getting backlash" and the runaround from the Commonwealth Attorney's Office. He asserted that he eventually learned that his money should have been sent to the Department of Criminal Justice System, but they had no record of the forfeited currency being sent there.

Harris confirmed that when he was arrested, the South Riding address was listed on the driver's license he gave to the police officers. Harris also claimed that he was homeless at the time and had not lived at the South Riding address for more than a year before his arrest. He asserted that his defense attorney "let everyone know that [he] was homeless and [his attorney served as his] address." Harris also claimed that a couple of weeks after his arrest, officers went to the South Riding address and were told that he did not live there.

After the close of evidence at the hearing, Harris argued that the circuit court had the discretion to remedy a mistake at any time to "further the ends of justice" and addressed the elements for relief from judgment. First, he asserted that he "met" the element of obtaining a judgment that, in good conscience, ought not be enforced. Second, he stated that he had a "good defense" to the forfeiture because his criminal charges were nolle prossed. Third, he contended

_____

defendants later moved to dismiss the petition against them because they were not parties to the forfeiture case.

that the fact "he couldn't find the money" showed there was an accident or mistake. Next, he asserted that the return of service did not state the address that was served and "ha[d] no person who served it." Harris also claimed that the returned mailing corroborated his testimony that he never received notice of the forfeiture proceedings. Next, Harris asserted that he was not at fault or negligent because he and his defense attorney attempted, without success, to get his money back. Finally, Harris argued that there was no adequate remedy at law other than the independent action.

The Commonwealth argued that Harris did not respond after he was validly served in the civil forfeiture case, and service on his defense attorney was not required. It contended that his property could still be forfeited despite the nolle pross and noted that, by statute, Harris had to demand the currency within 21 days of resolution of the criminal charges.[6] The Commonwealth also suggested that Harris had an adequate remedy at law via a tort claim.

The circuit court agreed with Harris that his petition required an analysis under Code § 8.01-428(D). The court then denied the petition by making numerous findings on the record. First, the court found that Harris had multiple adequate remedies at law that "existed" at some point, namely a suit against the police department or a malpractice suit against his defense attorney. The circuit court also found that Harris failed to show an absence of fault or negligence on his part, because he was on notice of his money being seized for approximately seven years before filing the petition. Even crediting his testimony that he waited one year on the advice of counsel, the court found that Harris continued to wait to act after that period had passed.

---

[6] This argument appears to be based on a 2020 amendment to Code § 19.2-386.1 which, among other things, added a provision allowing for forfeiture of seized property without a finding of guilt if the owner failed to submit a timely written return demand. 2020 Va. Acts ch. 1000.

Accordingly, the circuit court found that Harris failed to meet the strict requirements necessary to prevail on an independent action under Code § 8.01-428(D).

Harris timely sought reconsideration, arguing that he satisfied the five-part test to void a default judgment under Code § 8.01-428(D), that service was invalid, and that default judgments are disfavored in the Commonwealth. The circuit court suspended its initial order and directed the Commonwealth to respond to Harris's service arguments. The Commonwealth responded that he had not satisfied any of the elements for relief under Code § 8.01-428(D) and that the posted service upon Harris in the forfeiture proceedings was valid.

The circuit court denied Harris's motion for reconsideration without a hearing. The court found that Harris was properly served and had notice of the forfeiture proceedings. Additionally, the court found that it was "inconceivable that [Harris was] without fault or negligence given his several years of inaction despite his purported knowledge" of the seizure at the time of his arrest. The court also found that "any lack of an available remedy at law [was] a result of this inexcusable inaction." Harris appeals.

ANALYSIS

I. Standard of Review

"We review questions of law de novo, including those situations where there is a mixed question of law and fact." *Commonwealth v. Morris*, 281 Va. 70, 76 (2011) (quoting *Westgate at Williamsburg Condo. Ass'n v. Philip Richardson Co.*, 270 Va. 566, 574 (2005)). The appellate court "review[s] the trial court's 'application of law de novo, while giving deference to [its] factual findings.'" *Westgate at Williamsburg Condo. Ass'n*, 270 Va. at 574 (second alteration in original) (quoting *Barter Found., Inc. v. Widener*, 267 Va. 80, 90 (2004)).

II.  Harris Failed to Prove All Elements Required for Relief Under Code § 8.01-428(D)

A circuit court may "entertain at any time an independent action to relieve a party from any judgment or proceeding, . . . or to set aside a judgment or decree for fraud upon the court."  Code § 8.01-428(D).  To obtain relief under Code § 8.01-428(D), the moving party must establish:

> (1) [A] judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Va. Polytechnic Inst. & State Univ. v. Prosper Fin. Inc.*, 284 Va. 474, 483 (2012) (quoting *Charles v. Precision Tune, Inc.*, 243 Va. 313, 317-18 (1992)).  "This provision does not create new rights or remedies and we construe it narrowly to advance the principle of finality of judgments."  *Id.*  Where a trial court "heard evidence *ore tenus*, its judgment cannot be disturbed on appeal unless the court's findings are plainly wrong or without evidence to support them."  *Ryland v. Manor Care, Inc.*, 266 Va. 503, 509 (2003).

"To prevail in an action under Code § 8.01-428(D), all five elements of the independent action must be established."  *Media Gen., Inc. v. Smith*, 260 Va. 287, 291 (2000).  "The doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'"  *Commonwealth v. Swann*, 290 Va. 194, 196 (2015) (quoting *McGhee v. Commonwealth*, 280 Va. 620, 626 n.4 (2010)).

Here, the circuit court did not err in finding that Harris failed to demonstrate the absence of fault or negligence as required by the fourth element of the statute.

Over seven years passed between Harris's arrest in June 2015 and his petition to set aside the forfeiture order in January 2023.  Even accepting his claim that his defense attorney told him to wait one year after the nolle pros of his criminal charges to seek his funds, he waited until February 2017 before contacting the Sheriff's Office, which was more than a year.  According to Harris, it

was not until then that he discovered that the seized funds were not at the Sheriff's Office's property department. Furthermore, accepting Harris's claim that he did not discover the forfeiture order until May 2018, he still waited nearly five years to petition the court to set it aside. Given the significant gaps in time between his apparent discovery that there had been a forfeiture order entered and his actions to set that order aside, the circuit court's finding that "there [was] not an absence . . . of fraud or negligence on the part of [Harris]" was not plainly wrong or without evidence to support it.

Harris has failed to establish the fourth of the five necessary elements to qualify for relief under § 8.01-428(D). As it is Harris's burden to meet all five elements of the common-law test, there is no need to parse through his claims as to elements three and five. *Media Gen., Inc.*, 260 Va. at 291-92 ("Because we have already concluded that [appellant] did not meet its burden of proving that it was without fault or negligence[,] . . . we need not address the question whether [appellant] met its burden of proving [the other common-law elements]."). Accordingly, the circuit court's judgment was neither plainly wrong nor without evidentiary support.[7]

### III. Harris Failed to Show How Service of Process Was Defective

Additionally, Harris assigns error to the circuit court granting default judgment because there was defective service of process. Despite this claim, he does not cite the service of process statutes or any case law addressing service of process,[8] and "[u]nsupported assertions of error

---

[7] Harris additionally argues that the Commonwealth's general policy is to discourage default judgments and that, generally, he should have been given the opportunity to have his day in court. That general policy is codified in Rule 3:19, which affords Harris no relief. Rule 3:19(b) applies only "*[p]rior* to entry of judgment." Rule 3:19(b) (emphasis added). Rule 3:19(d)(1) applies only *within 21 days* of entry of judgment. Rule 3:19(d)(1). Thus, the applicable rule is Rule 3:19(d)(2), which provides that "[after 21 days, a] final judgment no longer within the jurisdiction of the trial court . . . may not be vacated by that court except as provided in" Code § 8.01-428. Rule 3:19(d)(2); *see also* Rule 1:1. Harris failed to meet the requirements of Code § 8.01-428, and the Commonwealth's general disfavor of default judgments cannot override the Rules or statute.

[8] Code § 8.01-296 governs the manner of serving process upon natural persons.

'do not merit appellate consideration.'" *Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017) (quoting *Jones v. Commonwealth*, 51 Va. App. 730, 734 (2008)); Rule 5A:20(e).

Harris appears to argue in his brief that tangible receipt of service of process is a necessary element to prove valid service. However, the only authority Harris cites is Code § 8.01-428(B),[9] allowing a court to correct "[s]crivener's or similar errors in the record, which are demonstrably contradicted by all other documents, [also known as] clerical mistakes." *Morgan v. Russrand Triangle Assocs., Inc.*, 270 Va. 21, 25 (2005) (quoting *Wellmore Coal Corp. v. Harman Mining Corp.*, 264 Va. 279, 283 (2002)). "Examples of clerical errors include a typographical error made by a court reporter while transcribing a court proceeding, or an unintended error in the drafting of a divorce decree." *Id.* at 25-26 (citation omitted) (quoting *Wellmore Coal Corp.*, 264 Va. at 283).

In his brief, Harris claims that the Commonwealth's service of process was "marginal" "[a]t best" and then lists ten conclusory statements of fact in which he alleges it made mistakes. Included in this list are claims that service of process was made at Harris's former residence; the service affidavit contained a badge number, but not the name of the process server; the certificate of mailing on the notice of seizure had no date or address on it; and the certificate of service for the notice of forfeiture had no address on it.

---

[9] Code § 8.01-428(B) states that:

> [c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

These are not clerical mistakes because they are not mistakes within the judgment or record that cause the record to "speak falsely." *See Jefferson v. Commonwealth*, 298 Va. 473, 478 (2020) (noting that corrections on clerical errors are those that make "the record 'speak the truth'" (quoting *State Farm Mut. Auto. Ins. Co. v. Remley*, 270 Va. 209, 221 (2005))).  Aside from his reliance upon Code § 8.01-428(B), Harris fails to explain how the lack of an address or date on the notices for seizure and forfeiture legally impacted the validity of the service.  Service of process was made at the South Riding address because that was the address attached to his driver's license.  If Harris wished to challenge the service affidavit, it appears the badge number listed thereon provided sufficient information for Harris to do so.  The record supports the circuit court's conclusion that service on Harris was proper.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*